THOMAS W. BARTH, SBN 154075
BARTH TOZER & TIMM LLP
431 I Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: tbarth@bttlawfirm.com

Attorneys for Plaintiffs NATOMAS
GARDENS INVESTMENT GROUP LLC and
ORCHARD PARK DEVELOPMENT LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATOMAS GARDENS INVESTMENT GROUP LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN G. SINADINOS, et al., <br><br> Defendants. | Case No. 2:08-CV-02308-FCD-KJM <br><br> **OPPOSITION TO DEFENDANTS JOHLS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b) AND IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)** <br><br> Date: April 17, 2009 <br> Time: 10:00 a.m. <br> Ctrm: 2 <br> Judge: Hon. Frank C. Damrell, Jr. |

I

**INTRODUCTION**

Defendants Baljit and Harinder Johl moved for dismissal of the First Amended Complaint under the Racketeer Influenced and Corrupt Organizations Act, and related claims (FAC), pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) and Rule 9(b), or in the alternative defendants move for a more definite statement of the claims against them pursuant to Rule 12(e). Defendants essentially argue that the factual allegations of the FAC, broadly construed with all reasonable inferences drawn therefrom, do not state a claim against them, or state a claim so ambiguously, that defendants cannot properly respond.

///

A proper and sufficiently specific claim against defendants Baljit and Harinder Johl for RICO conspiracy liability is stated by the factual allegations of the FAC. The required elements for conspiracy liability under Title 18 United States Code Section 1962(d), evidence of knowing agreement by the conspirators to facilitate the activities of those who are illegally operating the racketeering enterprise, are specifically alleged against defendants, regarding the illegal transfer of a $500,000 real property equity interest to the Johls. For these reasons, plaintiffs respectfully request an order of the Court, denying defendants' motion to dismiss, and further denying the alternative relief, seeking a more definite statement of the claims against the Johls.

## II

## ARGUMENT

### A. Legal Standards for Determining the Motion.

The purpose of a Rule 12(b)(6) motion is to test the "legal sufficiency of the claim or claims stated in the complaint." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957); *De La Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978). The motion is disfavored; dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 642 F.2d 963, 966 (9th Cir. 1981).

In evaluating the motion, the Court looks only to the face of the complaint to determine whether there are defects. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). In addition, "the court must accept as true all material allegations in the complaint, as well as *reasonable inferences* to be drawn from them." Schwarzer, Tashima, and Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:215 (emphasis in original), *citing Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "The test is whether the facts, as alleged, support *any* valid claims entitling plaintiff to relief" regardless of whether plaintiff erroneously used the wrong legal theory. Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:227 (emphasis in original), *citing Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985). No matter how improbable the facts alleged may be, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 US 319, 328-329, 109 S.Ct. 1827, 1833 (1989). The Court need not accept as true allegations that

1 contradict facts which may be judicially noticed by the Court. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

In all averments of fraud, the circumstances constituting fraud shall be stated with particularity. See Rule 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). The particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). In cases involving several defendants, plaintiff may allege that certain defendants acted in concert or pursuant to a conspiracy. If the complaint adequately identifies a particular defendant with a category of defendants allegedly responsible for some continuing course of conduct, allegations that "defendants" committed described acts cover each member of the group. *In re Equity Funding Corp. of America Sec. Litig.*, 416 F.Supp. 161, 181 (C.D.Cal. 1976). A court may afford a plaintiff limited opportunity to conduct discovery for the purpose of pleading fraud with greater particularity. See *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and cannot reasonably be expected to frame a proper response. See *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal. 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D.Cal. 1999). Such a motion fails where the complaint is specific enough to apprise defendant of the substance of the claim being asserted. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal. 1996). "Motions for more definite statement are viewed with disfavor, and are rarely granted." Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:351 (*citing Rahman v. Johanns*, 501 F.Supp.2d 8, 19 (D D.C. 2007)). "The technical requirements of pleading are minimized under the Federal Rules. Courts are therefore reluctant to spend time 'fine-tuning' the pleadings." *Id.* at § 9:352.

To be guilty of conspiring to commit a substantive RICO offense under Section 1962(d), one must knowingly agree to facilitate the activities of those who are operating the enterprise in an illegal manner. See *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967

(7th Cir. 2000); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998) (two or more people must agree to commit substantive RICO offense and defendant must know of and agree to overall objective of RICO offense); see also *Hamilton v. Willms*, 2005 WL 3797562 (E.D. Cal. 2005). It is an agreement, not to operate or manage the enterprise, but to facilitate the activities of those who do. *Brouwer, supra*, 199 F.3d at 967. The Supreme Court identified the test in a unanimous decision, which held that a sheriff's deputy could be convicted of conspiracy under Section 1962(d) for his role in a scheme that violated the federal bribery statute even though he neither committed nor agreed to commit the predicate acts that are required for a substantive violation of Section 1962(c). *Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469 (1997). The *Salinas* court held that the "evidence showed that [the sheriff] committed at least two acts of racketeering activity when he accepted numerous bribes and that [the deputy] *knew about and agreed to facilitate the scheme*. This is sufficient to support a conviction under Section 1962(d)." *Salinas*, 522 U.S. at 66, 118 S.Ct. at 477.

### B. The FAC Adequately Pleads a RICO Conspiracy Claim Against the Johl Defendants

The knowing agreement of Baljit and Harinder Johl to facilitate the operation of the fraudulent scheme by defendant John Sinadinos is plainly alleged on the face of the FAC. The Johl defendants were expressly and repeatedly informed that they could not participate in the transfer of the Ubungen parcel without approval of that transaction by plaintiff Natomas, and that Natomas objected to any such transfer. See FAC, ¶181. Both Johl defendants expressly confirmed they were aware that the transfer of the Ubungen parcel to them could not occur without the consent of Natomas. *Ibid.* The fraudulent transfer of the Ubungen parcel equity interest in the approximate amount of $500,000 by John Sinadinos was part of his continuing operation of Vintage Creek LLC as a racketeering enterprise, as well as the associated-in-fact enterprise operated by defendant Sinadinos and defendant Stanley Foondos. See FAC at ¶¶178, 194.

The specific terms of the fraudulent transaction are set forth in Exhibit O to the FAC, which demonstrates on the face of the "Assignment and Assumption of Purchase and Sale

1  Agreement" that defendant John Sinadinos assigned all rights, title and interest held in the name
2  of Vintage Creek LLC to the Johls for a purchase price of approximately $25,000.  See Exhibit O
3  to the FAC.  The Johls also specifically participated in the illegal transfer of the Ubungen parcel
4  by executing the "Termination Agreement and Release," releasing any claims against Village
5  Capital Group LLC, Vintage Creek LLC, and their respective officers, partners, directors,
6  members, representatives, etc., including defendants Sinadinos and Stanley Foondos.  Defendant
7  Sinadinos thereby completed the illegal and fraudulent transfer of the $500,000 equity interest in
8  the Ubungen parcel to the Johls, for the principal reason alleged in the FAC of allowing defendant
9  Sinadinos to avoid personal liability.  See FAC, Exhibit O, and ¶¶178-179.  The Johls knowingly
10 assisted Mr. Sinadinos, fully aware that the Ubungen parcel could not be legally transferred from
11 Vintage Creek LLC assets without approval by Natomas.  Yet, the Johl defendants went forward
12 with the transaction, obviously benefiting personally by receipt of property in which Vintage
13 Creek had invested approximately $500,000, in exchange for payment of approximately $25,000.
14 Natomas suffered the loss caused by the illegal property transaction, which unlawfully benefited
15 defendant Sinadinos by exonerating him from his personal liability for prior acts, and the Johl
16 defendants facilitated the transaction.

17         These allegations support a claim of RICO conspiracy liability against defendants
18 Baljit and Harinder Johl.  Although not stated as a separate claim against the Johl defendants in
19 the FAC, these allegations also satisfy the pleading requirements for a separate fraud claim
20 against them.  See *In re GlenFed, Inc. Secur. Litig.*, 42 F.3d 1541, 1547, fn.7 (9th Cir. 1994).
21 While representing to Natomas that they were aware the transfer of the Ubungen parcel to them
22 could not occur without Natomas approval, it can reasonably be inferred that the Johl defendants
23 intended and planned to accomplish the transfer of the property to Harinder Johl and their father,
24 Surjit Johl.  See FAC at ¶181.  Accordingly, the Johl defendants made false statements to
25 Natomas' manager, Eric Solorio, at the very time they were planning to work with Mr. Sinadinos
26 to complete the unlawful transfer of the property.

27         The specific allegations against the Johl defendants, supplemented by the
28 documents attached to the FAC as Exhibit O, meet the specific pleading requirements for these

claims. There is no need for a more definite statement, as argued by defendants. The allegations of the FAC sufficiently inform the Johl defendants of the claims against them, so they can respond to the complaint.

## III

## CONCLUSION

Plaintiffs respectfully request an order of the Court, denying the motion to dismiss, or in the alternative, for more definite statement, filed by defendants Baljit and Harinder Johl. The First Amended Complaint states a claim against the Johl defendants for conspiracy to violate RICO, based on their fraudulent, knowing agreement to facilitate the transfer of property interests by defendant Sinadinos. The allegations of the complaint are sufficiently detailed to inform the Johl defendants of the claims against them and to allow their opportunity to file responsive pleadings.

Dated: April 3, 2009.　　　　　　　　BARTH TOZER & TIMM LLP

By _____
THOMAS W. BARTH

Attorneys for Plaintiffs

# PROOF OF SERVICE

I, Sheryl A. Pereda, declare:

I am a resident of the State of California, over the age of 18 years, and not a party to the within action; my business address is 431 I Street, Suite 201, Sacramento, California 95814. On April 3, 2009, I served the within document:

**OPPOSITION TO DEFENDANTS JOHLS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b) AND IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)**

☐ by transmitting via facsimile from (916) 440-9610 the above listed document without error to the facsimile numbers set forth below on this date.

☐ by scanning and transmitting the above listed document as a PDF attachment to a message directed to the person named below at the email address listed below.

☐ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by causing the document listed above to be delivered via FEDERAL EXPRESS OVERNIGHT DELIVERY to the persons at the addresses set forth below.

☑ by causing personal delivery of the document listed above to the persons at the addresses set forth below.

Donald M. Wanland, Jr. (don@lowands.com)
Jason W. Burgess (jburgess@lowands.com)
LAW OFFICES OF WANLAND & SPAULDING
705 University Avenue
Sacramento, CA 95825
916-568-6000; Fax 916-568-6009

Carl P. Blaine (cblaine@wkblaw.com)
Eric Garner (egarner@wkblaw.com)
WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP
10640 Mather Boulevard, Suite 200
Mather, CA 95655
916-920-5286; Fax 916-920-8608

Robert D. Collins (BCollins@CVMLaw.com)
CVM LAW GROUP, LLP
8795 Folsom Blvd., Suite 200
Sacramento, CA 95826
916-381-6171; Fax 916-381-1109

Richard M. Watts, Jr. (rwatts@mpwlaw.net)
MILLSTONE PETERSON & WATTS, LLP
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
916-780-8222; Fax: 916-780-8775

Stephen J. Beede (sjbeede@bpelaw.com)
BPE LAW GROUP, INC.
11140 Fair Oaks Blvd., Suite 300
Fair Oaks, CA 95628
916-966-2260; Fax: 916-966-2268

Patrick J. Waltz (Waltzlaw@sbcglobal.net)
WALTZ LAW FIRM
2022 28th Street
Sacramento, California 95818
916-454-0904; Fax: 916-454-0909

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this was executed on April 3, 2009, at Sacramento, California.

_____
SHERYL A. PEREDA

00003130