1  THOMAS W. BARTH, SBN 154075
   BARTH TOZER & TIMM LLP
2  431 I Street, Suite 201
   Sacramento, California 95814
3  Telephone: (916) 440-8600
   Facsimile: (916) 440-9610
4  Email: tbarth@bttlawfirm.com

5  Attorneys for Plaintiffs NATOMAS
   GARDENS INVESTMENT GROUP LLC and
6  ORCHARD PARK DEVELOPMENT LLC

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 NATOMAS GARDENS INVESTMENT GROUP          Case No. 2:08-CV-02308-FCD-KJM
   LLC, a California limited liability company, et al.,
12                                            OPPOSITION TO DEFENDANT
              Plaintiffs,                     LARRY DEANE'S MOTION TO
13                                            DISMISS COMPLAINT OR, IN THE
       v.                                     ALTERNATIVE, STAY THE ACTION
14
   JOHN G. SINADINOS, et al.,                 Date:   April 17, 2009
15                                            Time:   10:00 a.m.
              Defendants.                     Courtroom: 2
16                                            Judge: Hon. Frank C. Damrell, Jr.

17

18

19

20

21

22

23

24

25

26

27

28

00003418

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES CITED ....................................................................................... ii

I.  INTRODUCTION ....................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 3

    A.  Scope of Motion to Dismiss ................................................................................. 3

    B.  The Exceptional Circumstances Necessary for
        *Colorado River* Abstention Are Not Present ...................................................... 4

        1.  Piecemeal Litigation Will Not Result from the
            Exercise of This Court's Jurisdiction ....................................................... 6

        2.  The Timing of Jurisdiction in Federal and
            State Courts Is Not Relevant ...................................................................... 7

    C.  The Amended Complaint States a Cause of Action Against Deane ...................... 8

    D.  State Law Claims Do Not Predominate Over the RICO Claims ......................... 14

    E.  Plaintiff Natomas Properly States Individual Claims ........................................ 16

        1.  Dean Lacks Standing to Seek Relief in
            This Motion for Other Defendants ........................................................... 16

        2.  Legal Standard for Individual Claims ...................................................... 17

        3.  Natomas Properly States Individual Causes of Action ............................ 18

    F.  Deane Lacks Standing to Argue Compliance with Rule 23.1 ............................ 19

    G.  Deane's Remaining Arguments Are Not
        Properly Stated Within this Motion .................................................................... 20

III.  CONCLUSION ........................................................................................................... 20

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

# TABLE OF AUTHORITIES CITED

**Page**

## Cases

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991) .........................................6

*American International Underwriters, Inc. v. Continental Insurance Co.*,
    843 F.2d 1253 (9th Cir. 1988)....................................................................................5, 6

*Bodenner v. Graves*, 828 F.Supp. 516 (W.D. Mich.1993) ...................................................14-15

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995)........................................15

*Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S. Ct. 1173 (1942)....................7

*Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000)...................................10

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614 (1988)............................15

*City of Chicago v. International College of Surgeons*,
    522 U.S. 156, 118 S.Ct. 523 (1997) .....................................................................15

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800, 96 S.Ct. 1236 (1976) ..................................................................4, 5

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957)..............................................................3

*Davis Lee Pharmacy, Inc. v. Manhattan Central Capital Corp.*,
    327 F. Supp. 2d 159 (E.D.N.Y. 2004).........................................................8, 13-14

*De La Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978).............................................................3

*Denevi v. LGCC, LLC*, 121 Cal.App.4th 1211 (2004)..........................................................17

*Diven v. Amalgamated Transit Union International and Local 689*,
    38 F.3d 598 (D.C. Cir. 1994) .............................................................................16

*Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579 (1964)...........................................6

*Everest Investors 8 v. McNeil Partners*, 114 Cal.App.4th 411 (2003)..........................................18

*Executive Software Number America Inc. v. United States District Court (Page)*,
    24 F.3d 1545 (9th Cir. 1994)..............................................................................15

*Haddock v. Board of Dental Examiners of California*,
    777 F.2d 462 (9th Cir. 1985).................................................................................3

*Hamilton v. Willms*, 2005 WL 3797562 (E.D. Cal. 2005).....................................................10

*Herrington v. County of Sonoma*, 706 F.2d 938 (9th Cir. 1983)...............................................7

*Jara v. Suprema Meats, Inc.*, 121 Cal.App.4th 1238 (2004)...........................................17-18

*Jones v. H.F. Ahmanson & Co.*, 1 Cal.3d 93 (1969) .........................................................17

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

*In re Kaplan*, 143 F.3d 807 (3d Cir. 1998) ................................................................17

*Kerotest Vfg. Co. v. C-O-Two Fire Equipment Co.*,
    342 U.S. 180, 72 S.Ct. 219 (1952) ...................................................................5

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)...........................................4

*Levine v. Diamanthuset, Inc.*, 950 F.2d 1478 (9th Cir. 1991) ....................................3

*Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986) ...............3

*Mantin v. Broadcast Music, Inc.*, 248 F.2d 530 (9th Cir. 1957).............................16, 19

*McClellan v. Carland*, 217 U.S. 268, 30 S.Ct. 501 (1910).........................................5

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1, 103 S.Ct. 927 (1983) ................................................................5-7

*Mullis v. United States Bankruptcy Court*, 828 F.2d 1385 (9th Cir. 1987) ...................3

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989) ........................................3

*Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998) .......................................................3, 17

*Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469 (1997)....................................10

*Smith v. Tele-Communication, Inc.*, 134 Cal.App.3d 338 (1982)............................17-18

*Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364 (9th Cir. 1990) ........................7

*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966)......................15-16

*United States v. Khatami*, 280 F.3d 907 (9th Cir. 2002) ..........................................13

*United States v. Posada-Rios*, 158 F.3d 832 (5th Cir. 1998).....................................10

*United States v. Redwood City*, 642 F.2d 963 (9th Cir. 1981)....................................3


## Statutes

Federal Rule of Civil Procedure 12(b)(6)............................................................. 1-3

Federal Rule of Civil Procedure 12(d).....................................................................3

Federal Rule of Civil Procedure 23.1 ...................................................................2, 19

Federal Rule of Civil Procedure 56 ......................................................................2-4

Federal Rule of Evidence 201.................................................................................4

18 U.S.C. § 1512(b)........................................................................................... 11-13

18 U.S.C. § 1512(c) ........................................................................................... 12-13

BARTH TOZER & TIMM LLP
ATTORNEYS-AT-LAW
SACRAMENTO, CALIFORNIA

18 U.S.C. § 1512(f)................................................................................................12-13

18 U.S.C. § 1962(c) ...................................................................................1, 10, 13

18 U.S.C. § 1962(d) .....................................................................................1, 8-10

28 U.S.C. § 1367(c)(2)...............................................................................1, 14-15

## **Other Authorities**

Schwarzer, Tashima, and Wagstaffe, Cal. Practice Guide: Federal
     Civil Procedure Before Trial, § 9:215 ...........................................................3

Schwarzer, Tashima, and Wagstaffe, Cal. Practice Guide: Federal
     Civil Procedure before Trial, § 9:227.............................................................3

# I

## **INTRODUCTION**

Plaintiffs Natomas Gardens Investment Group LLC (Natomas) and Orchard Park Development LLC oppose the motion brought by defendant Larry Deane (Deane), to dismiss the First Amended Complaint under the Racketeer Influenced and Corrupt Organizations Act, and related claims (FAC), under the provisions of Federal Rule of Civil Procedure[1] 12(b)(6), or alternatively to stay this lawsuit against him, by reason of another proceeding in state court.[2]  One of the grounds stated by defendant Deane for a stay of the action pending the completion of binding arbitration is no longer relevant; other defendants in this action have withdrawn their motion to compel arbitration.

Deane's motion to dismiss must be denied for several reasons.  A separate lawsuit he filed in state court for dissolution of Natomas does not justify dismissal or stay of this action under the *Colorado River* abstention doctrine.  The FAC states proper, nonderivative claims against Deane as a co-conspirator with other defendants under Title 18, United States Code Section 1962(d).  The allegations of the FAC also support a proper claim against Deane for multiple acts of witness tampering, a predicate act under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c).

State law claims against Deane cannot possibly predominate over the federal claims, because the FAC does not expressly seek relief against him on the basis of state law causes of action.  Reasonable inferences drawn from the allegations of the FAC support state law claims against Deane for breach of his fiduciary duties as a member of Natomas, but even such claims would not predominate under the relevant standards of Title 28, United States Code Section 1367(c).

///

---

[1] "Federal Rule of Civil Procedure" is shortened to "Rule" in this brief.

[2] The Notice of Motion by Deane only states arguments against the claims by Natomas, without any reference to plaintiff Orchard Park Development LLC.  As alleged by the FAC, Deane is only a member of Natomas, without any membership or other interest in Orchard Park.  See FAC, ¶¶13 and 35.  Both plaintiffs oppose this motion to guard against ambiguity by Deane; his supporting memorandum occasionally attempts to argue against the claims by "plaintiffs."

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    A consistent flaw of many arguments raised by defendant Deane in support of his

2    motion is his lack of standing to make such arguments. For instance, he argues a lack of

3    compliance with Rule 23.1 regarding procedural requirements for derivative claims, but the only

4    derivative claims stated in the FAC are for professional malpractice against defendants John

5    Sinadinos and Stanley Foondos. Even assuming defendant Deane can make such arguments, they

6    must be rejected by this Court as incorrect, inadequate grounds for dismissal of plaintiffs' claims.

7    Another consistent error by defendant Deane is his scattershot attempt to introduce

8    extrinsic evidence for consideration in support of his motion. As stated in plaintiffs' separate,

9    concurrent filing, plaintiffs vigorously object and oppose the admission or consideration of any

10   extrinsic evidence regarding Deane's motion to dismiss. His attempt to admit extrinsic evidence,

11   and thereby improperly convert this motion to dismiss to a motion for summary judgment under

12   Rule 56, is properly rejected by this Court. Deane makes frequent references in his supporting

13   memorandum to various "exhibits" attached to the declaration of Jason Burgess. All of the

14   exhibits and the entire declaration by Mr. Burgess are improper components of defendant Deane's

15   motion, and plaintiffs respectfully request that this Court ignore such evidence. Even the state

16   court complaint is irrelevant to this motion. Even assuming this Court has authority to take

17   judicial notice of the filing of the state court action, nearly all purported facts on the face of that

18   complaint are disputed and not properly admitted for the purpose of deciding this motion, under

19   the provisions of Rule 12(b)(6).

20   Upon due consideration of the limited, relevant arguments by defendant Deane, the

21   Court will deny his motion. The allegations of the FAC and reasonable inferences drawn

22   therefrom properly state causes of action against defendant Deane, which are subject to this

23   Court's jurisdiction. Defendant Deane can make no substantial argument, whether under a theory

24   of *Colorado River* abstention or a theoretical predominance of state law claims, which might

25   justify a dismissal or stay, to force such claims into state court. For the foregoing reasons,

26   plaintiffs respectfully request an order of the Court, denying the motion to dismiss and the

27   alternative request for a stay of this case.

28   ///

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

## II

## ARGUMENT

**A.    Scope of Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion is to test the "legal sufficiency of the claim or claims stated in the complaint." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957); *De La Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978). The motion is disfavored; dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 642 F.2d 963, 966 (9th Cir. 1981).

In evaluating the motion, the Court looks only to the face of the complaint to determine whether there are defects. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). In addition, "the court must accept as true all material allegations in the complaint, as well as *reasonable inferences* to be drawn from them." Schwarzer, Tashima, and Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:215 (emphasis in original), *citing Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "The test is whether the facts, as alleged, support *any* valid claims entitling plaintiff to relief" regardless of whether plaintiff erroneously used the wrong legal theory. Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure before Trial*, § 9:227 (emphasis in original), *citing Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985). No matter how improbable the facts alleged may be, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 328-329, 109 S.Ct. 1827, 1833 (1989). The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

If a Rule 12(b)(6) motion presents matters outside the pleadings, the Court has discretion whether to consider or reject such evidence. See Rule 12(d). If such matters are considered, the motion must be treated as one for summary judgment under Rule 56, and the opposing party must be made aware of the Court's election to consider the evidence, with a reasonable opportunity to present rebutting evidence. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). In the present case, plaintiffs request the Court reject the effort by defendant Deane to offer extrinsic evidence on his motion to dismiss. A motion for

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   summary judgment under Rule 56 is premature in this case, without any opportunity to conduct

2   substantial discovery.  Defendant Deane did not provide notice of any intention to seek summary

3   judgment, and the Court should properly reject the extrinsic evidence.

4           Judicial notice is limited to facts not subject to reasonable dispute and either

5   "generally known" in the community, or "capable of accurate and ready determination" by

6   reference to sources whose accuracy cannot be reasonably questioned.  Federal Rule of

7   Evidence 201; see *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001).  Moreover,

8   if the Court takes judicial notice of another court's opinion, it may do so "not for the truth of the

9   facts recited therein, but for the existence of the opinion, which is not subject to reasonable

10  dispute over its authenticity." *Lee*, *supra*, at 690, *citing Southern Cross Overseas Agencies, Inc. v.*

11  *Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-427 (3d Cir. 1999).  In the present case,

12  defendant Deane has not requested that this Court take judicial notice of any facts or records.  The

13  documents attached to the Declaration of Jason Burgess filed in support of Deane's motion to

14  dismiss generally do not qualify for the exercise of judicial notice.  While it is allowable for this

15  Court to take judicial notice of the filing of a separate action in state court, the Court cannot take

16  judicial notice of disputed factual allegations in the state court pleading.  The complaint attached

17  as an exhibit to the Declaration of Jason Burgess is not the Amended Complaint filed by

18  Mr. Deane prior to the Burgess declaration; defendant Deane offers no explanation for his failure

19  to properly ask this Court to take judicial notice of the correct, current pleading in the state court

20  action.  Accordingly, plaintiffs request this Court reject all exhibits offered for consideration on

21  this motion, attached to the Declaration of Jason Burgess, including the copy of a complaint.

22  **B.  The Exceptional Circumstances Necessary**
23        **For *Colorado River* Abstention Are Not Present**

24          Defendant Deane argues for dismissal of this case under the test applicable for

25  "*Colorado River*" abstention.  See generally *Colorado River Water Conservation Dist. v. United*

26  *States*, 424 U.S. 800, 96 S.Ct. 1236 (1976).  While Mr. Deane argues for dismissal to avoid

27  "duplicative judgments," the general principle to avoid duplicative litigation is typically reserved

28  ///

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   for the situation of two cases pending in separate federal district courts.  See *Kerotest Vfg. Co. v.*

2   *C-O-Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219 (1952).

3                  Generally, as between state and federal courts, the rule is that "the pendency of an

4   action in the State court is no bar to proceedings concerning the same matter in a Federal Court

5   having jurisdiction...."  *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (*quoting McClellan v.*

6   *Carland*, 217 U.S. 268, 281-282, 30 S.Ct. 501, 504 (1910).)  That general rule arises from the

7   "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them...."

8   *Ibid.*  The "circumstances permitting" deference to state court proceedings, "though exceptional,

9   do nevertheless exist." *Id.* 424 U.S. at 818, 96 S.Ct. at 1246.  The Supreme Court has sanctioned

10  the "abdication of the obligation to decide cases as justified ... only in the exceptional

11  circumstances where the order to the parties to repair to the state court would clearly serve an

12  important countervailing interest." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,

13  460 U.S. 1, 19, 103 S.Ct. 927 (1983).

14                  A dismissal under the *Colorado River* doctrine requires a weighing of a number of

15  factors, including the inconvenience of the federal forum, the order in which the courts assumed

16  jurisdiction, the desirability of avoiding piecemeal litigation, whether federal or state law controls

17  and whether the state forum will adequately protect the interests of the parties.  *Colorado River*,

18  424 U.S. at 817-818, 96 S.Ct. at 1246-1247.  In the District Court's analysis, "[n]o one factor is

19  necessarily determinative; [but] a carefully considered judgment taking into account both the

20  obligation to exercise jurisdiction and the combination of factors counseling against that exercise

21  is required." *Colorado River*, 424 U.S. at 818-819, 96 S.Ct. at 1246-1247.

22                  Two additional factors were added by the Supreme Court in the *Cone* decision:

23  whether "federal law provides the rule of decision on the merits" and whether the state court

24  proceedings are inadequate to protect the federal litigant's rights.  *Cone*, 460 U.S. at 23, 26,

25  103 S.Ct. at 941, 942.  The Ninth Circuit Court of Appeals has held that, because "the prevention

26  of forum shopping would promote wise judicial administration," forum shopping is another

27  appropriate factor to consider. *American International Underwriters, Inc. v. Continental*

28  *Insurance Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988).

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    The factors relevant to a given case are subjected to a balancing test.  As explained

2  by the court in *Cone*, the decision whether to dismiss a federal action because of parallel state

3  court litigation does not rest on a mechanical checklist, but on careful balancing of the important

4  factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of

5  jurisdiction.  *Cone*, 460 U.S. at 16, 103 S.Ct. at 937.

6    This case does not involve the separate consideration of exclusive jurisdiction,

7  which would apply if a court first assumed jurisdiction over property in an *in rem* case.  See

8  *Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. 1579, 1582 (1964).  Accordingly, the

9  order in which the separate courts assumed jurisdiction is only one of several factors the Court

10  must consider, to determine whether the "exceptional circumstances" exist for deferring to the

11  state court proceedings.  See also *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th

12  Cir. 1991) (first-to-file rule invoked "when a complaint involving the same parties and issues has

13  already been filed in another district.").

14    **1.    Piecemeal Litigation Will Not Result**
      **From the Exercise of This Court's Jurisdiction**

15

16    Defendant Deane argues that "piecemeal litigation" will result because the claims

17  in this case and the separate state court proceedings "involve the same parties, circumstances and

18  facts."  See Defendant Larry Deane's Memorandum of Points and Authorities in Support of

19  Motion to Dismiss (Deane's MPA), at 5:10.  His argument is wrong, misleading, and irrelevant to

20  a consideration of "piecemeal litigation."

21    In the present case, defendant Deane is charged with his involvement in and

22  support of fraudulent enterprises under RICO, as part of a larger group of individuals and entities

23  named as codefendants.  The state court action is essentially a dissolution proceeding brought by

24  Mr. Deane against Natomas and its other members.  The full scope of the state court proceeding

25  will never involve all of the facts and circumstances alleged against defendants in this lawsuit.

26    "Piecemeal litigation occurs when different tribunals consider the same issue,

27  thereby duplicating efforts and possibly reaching different results."  *American International*

28  *Underwriters*, *supra*, 843 F.2d at1258.  In the decision cited by the Supreme Court on the issue of

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   piecemeal litigation, the Court dismissed a federal suit for declaratory judgment, concerning

2   matters which were also the subject of a declaratory judgment lawsuit in Missouri state court,

3   those matters were not governed by federal law, and concerned legal issues disputed among prior

4   decisions of the Missouri courts.  See *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491,

5   62 S.Ct. 1173 (1942) (cited by the *Colorado River* court, regarding piecemeal litigation).  "The

6   correct evaluation of this factor involves considering whether exceptional circumstances exist

7   which justify special concern about piecemeal litigation."  *Travelers Indemnity Co. v. Madonna*,

8   914 F.2d 1364, 1369 (9th Cir. 1990).  As noted by the *Travelers* decision, exceptional

9   circumstances are illustrated by the *Colorado River* case, involving important real property rights,

10   which were best adjudicated by the state court.  *Ibid.*

11        Defendant Deane can show no exceptional circumstances which might distinguish

12   the state court proceeding for dissolution of Natomas as distinctly preferable to the exercise of

13   this Court's jurisdiction.  There are no significant or unusual state law issues involved in the state

14   court proceeding, and the risk of conflicting judgments is not an appropriate consideration for

15   application of *Colorado River* abstention.

16       **2.**    **The Timing of Jurisdiction in Federal and State Courts Is Not Relevant**

17        Defendant Deane argues for dismissal of this case on a theory that "jurisdiction

18   first rested with the state court."  See Deane's MPA at 6:3-7:16.  His argument, that the timing of

19   jurisdiction is dispositive of these issues, does not apply to the circumstances of this case.  If the

20   case were in the nature of an *in rem* action, the timing of jurisdiction attaching to particular

21   property would be relevant.  But, this lawsuit seeks *in personam* relief, and concurrent litigation

22   in state and federal courts is expressly authorized by law.

23        Proper consideration of the *Colorado River* factor, concerning the order in which

24   jurisdiction was obtained, does not place priority exclusively on which complaint was filed first,

25   but rather takes account of how much progress has been made in the two actions.  *Cone*, 460 U.S.

26   at 21, 103 S.Ct. at 939.  "The mere existence of a case on a State docket in no way causes a

27   substantial waste of judicial resources nor imposes a burden on the defendant which would justify

28   abstention."  *Herrington v. County of Sonoma*, 706 F.2d 938, 940 (9th Cir. 1983).

1    Defendant Deane fails to make a proper request for judicial notice regarding the

2    timing of service of process in state court or the amount of progress made in the state

3    proceedings.  At best, Deane could only demonstrate that the state court action was filed within

4    several weeks after the filing of the original complaint in this case.  Court records in this case

5    demonstrate that the FAC was personally served on defendant Deane on November 6, 2008.  The

6    papers filed by Deane in support of this motion provide absolutely no evidence, whether subject

7    to judicial notice or otherwise, of the timing of effective service of the state court summons and

8    complaint on Natomas.  There are no exceptional circumstances relating to the separate

9    proceedings in state and federal court, which can justify the limited application of *Colorado River*

10   abstention.

11   **C.    The Amended Complaint States a Cause of Action Against Deane**

12   Defendant Deane argues the FAC fails to state a cause of action against him.  He

13   contends that allegations of "coercion" by Deane do not amount to RICO violations, referring to

14   the decision of *Davis Lee Pharmacy, Inc. v. Manhattan Central Capital Corp.*, 327 F.Supp.2d

15   159 (E.D.N.Y. 2004).  He also contends the alleged liability of Deane as a co-conspirator under

16   RICO, 18 U.S.C. § 1962(d), is based on conclusory statements, without factual allegations.

17   The FAC alleges liability of defendant Deane for conspiracy under Section

18   1962(d).  The specific factual allegations include the full knowledge of Mr. Deane about

19   fraudulent conduct by defendant John Sinadinos.  Sinadinos admitted part of his fraudulent

20   activities to Eric Solorio, the manager of Natomas, during approximately September or October

21   2007, when he told Solorio about fraud he had committed against an investor, Ms. Leavitt.  FAC,

22   ¶¶148, 151.  Solorio fully informed Mr. Deane at that time about the fraud committed by

23   Sinadinos.  FAC, ¶190.  Mr. Deane was a member of Natomas, with fiduciary duties to plaintiff

24   and its other members.  FAC, ¶¶35, 190.

25   Despite his fiduciary duties to Natomas and his initial knowledge about fraudulent

26   actions by defendant Sinadinos, defendant Deane obstructed the efforts by Mr. Solorio, as the

27   manager of Natomas, to investigate and prosecute this action.  Despite the existence of multiple

28   fraudulent transactions by John Sinadinos and Stanley Foondos, as alleged in specific detail

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   throughout the FAC, Mr. Deane contended in April 2008 that he had seen all the records

2   maintained by Mr. Sinadinos for the Village Capital Group LLC and Vintage Creek LLC

3   projects, and he was convinced there was no factual or legal basis to suspect Sinadinos had done

4   anything wrong. FAC, ¶187. Besides making such an assertion, which was plainly false in the

5   face of direct evidence to the contrary, defendant Deane did not provide any specific information

6   to Mr. Solorio to demonstrate the supposed innocence of Mr. Sinadinos. Instead, when

7   Mr. Solorio requested that Mr. Deane make his computer hard drive available for review to obtain

8   copies of correspondence with Sinadinos and Stanley Foondos, Deane immediately rejected the

9   request. FAC, ¶189. Beyond failing to cooperate or even assist the investigation of Village and

10  Vintage records by Natomas, defendant Deane affirmatively sought to obstruct and interfere with

11  the investigation and correction of the fraudulent schemes. FAC, ¶¶188, 190. These actions by

12  Deane to prevent Solorio from investigating the unlawful conduct by defendants assisted

13  defendants in their efforts to avoid detection of their fraudulent schemes. FAC, ¶187. Defendant

14  Deane is loyal to Sinadinos, because he has received multiple distributions of money from him

15  and has received the assistance of Stanley Foondos to falsify his own tax returns. FAC, ¶190.

16          The FAC specifically alleges that plaintiffs have been unable to obtain all

17  necessary books and records of the companies managed by defendants, after months of persistent

18  efforts by plaintiffs and their representatives. See FAC, ¶¶149-160. The actions of defendant

19  Deane to obstruct and interfere with full access by Natomas to the books and records of Village

20  and Vintage are part of the overall scheme by defendants to prevent discovery and detection of

21  their racketeering activities. See also FAC, Count Ten, Petition to Compel Inspection of Records.

22  The obstruction by Deane of plaintiffs' efforts to obtain records has substantially limited the

23  ability of plaintiffs to completely allege facts concerning wrongdoing by Deane, Sinadinos,

24  Stanley Foondos, and other defendants.

25          After learning in the fall of 2007 about fraudulent actions by Sinadinos, defendant

26  Deane acted in mid-2008 to solicit a proposed investment by S&Y Capital Group LLC (SYCG),

27  without informing Mr. Solorio about the proposal, as required by his fiduciary duties to Natomas.

28  FAC, ¶¶182-183. The proposal solicited by Sinadinos and Deane falsely represented the capital

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   accounts of defendant Sinadinos and his other investors, attempting to obtain payment by SYCG

2   on the basis of the falsely inflated capital accounts.  Deane's failure to inform Mr. Solorio about

3   the proposed investment jeopardized the ability of Natomas to prevent the illegal profit to

4   Sinadinos and his investors.  Moreover, Deane's failure to inform Mr. Solorio about the terms of

5   the proposed investment interfered with the discovery by Mr. Solorio that defendant Deane had

6   negotiated the payment of a substantial commission to himself, in direct violation of terms of the

7   Natomas operating agreement.

8           To be guilty of conspiring to commit a substantive RICO offense under Section

9   1962(d), one must knowingly agree to facilitate the activities of those who are operating the

10  enterprise in an illegal manner.  See *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967

11  (7th Cir. 2000); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998) (two or more

12  people must agree to commit substantive RICO offense and defendant must know of and agree to

13  overall objective of RICO offense); see also *Hamilton v. Willms*, 2005 WL 3797562 (E.D. Cal.

14  2005).  It is an agreement, not to operate or manage the enterprise, but to facilitate the activities of

15  those who do.  *Brouwer, supra,* 199 F.3d at 967.  The Supreme Court identified the test in a

16  unanimous decision, which held that a sheriff's deputy could be convicted of conspiracy under

17  Section 1962(d) for his role in a scheme that violated the federal bribery statute even though he

18  neither committed nor agreed to commit the predicate acts that are required for a substantive

19  violation of Section 1962(c).  *Salinas v. United States,* 522 U.S. 52, 118 S.Ct. 469 (1997).  The

20  *Salinas* court held that the "evidence showed that [the sheriff] committed at least two acts of

21  racketeering activity when he accepted numerous bribes and that [the deputy] *knew about and*

22  *agreed to facilitate the scheme*.  This is sufficient to support a conviction under Section 1962(d)."

23  *Salinas*, 522 U.S. at 66, 118 S.Ct. at 477.

24          Applying the test for RICO conspiracy liability to this case, the facts alleged

25  against defendant Deane, and reasonable inferences drawn therefrom, state a claim against him if

26  they show he knowingly agreed to facilitate the actions of John Sinadinos or other defendants

27  who were operating the enterprise in an illegal manner.  The facts alleged against Mr. Deane in

28  the FAC satisfy this test.  He was fully aware of fraudulent activities by Mr. Sinadinos, when

1   Mr. Solorio informed him of the admissions of fraud and co-mingling of funds by Mr. Sinadinos

2   and Mr. Foondos during the fall of 2007.  In the spring of 2008, Mr. Deane represented that he

3   had reviewed all of the financial records for the Village and Vintage projects, so he should have

4   been aware of all the facts alleged against Sinadinos, Foondos and others in the FAC, concerning

5   their multiple fraudulent actions, including outright embezzlement of project money.  With such

6   full knowledge of the wrongful conduct by the persons operating the alleged racketeering

7   enterprise, Deane's actions demonstrate his agreement to facilitate the continuing fraudulent

8   enterprise.  Defendant Deane specifically attempted on numerous occasions to hinder or obstruct

9   the investigation of wrongdoing by Mr. Solorio on behalf of Natomas.  Mr. Deane worked

10  directly with Mr. Sinadinos to negotiate a proposed deal with SYCG, in which Mr. Sinadinos

11  attempted to obtain the promise of the investor to reimburse the artificially inflated capital

12  contributions by Sinadinos.  The very books and records of Village and Vintage, which defendant

13  Deane stated he had fully reviewed, disclosed the attempt by Mr. Sinadinos to inflate his capital

14  account in the project with more than $1 million of funds he wrongfully appropriated through the

15  operation of his racketeering enterprise.  When defendant Deane worked with Mr. Sinadinos to

16  negotiate the proposed SYCG deal, Deane was facilitating the continuing fraudulent actions by

17  Sinadinos, to secure illegal profits based on the inflated capital accounts.  Moreover, as a member

18  of Natomas with fiduciary duties to Natomas and its other members alleged by the FAC,

19  defendant Deane was directly violating those fiduciary duties and contract obligations under the

20  Natomas operating agreement by his actions, including his attempt to obtain a substantial

21  personal commission from the SYCG deal.

22          Mr. Deane may also have liability exposure for witness tampering on the facts

23  alleged in the FAC.  One of the predicate acts of the unlawful RICO enterprises alleged by the

24  FAC is witness tampering.  FAC, ¶1.  Witness tampering is defined within Title 18 United States

25  Code Section 1512, which reads, in relevant part, as follows:

26          "(b) whoever knowingly uses intimidation or physical force,
            threatens, or corruptly persuades another person, or attempts to do
27          so, or engages in misleading conduct toward another person, with
            intent to-

28

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1       (1) influence, delay, or prevent the testimony of any person
in an official legal proceeding;

2

                    * * *

3

4       (3) hinder, delay or prevent the communication to a law
enforcement officer or judge of the United States of information
relating to the commission or possible commission of a Federal

5   offense or a violation of conditions of probation, parole, or release
pending judicial proceedings;

6

7   shall be fined under this title or imprisoned not more than 10 years
or both.

8       (c) Whoever corruptly-

9       (1) alters, destroys, mutilates, or conceals a record,
document, or other object, or attempts to do so, with the intent to

10   impair the object's integrity or availability for use in an official
proceeding; or

11

12       (2) otherwise obstructs, influences, or impedes any official
proceeding, or attempts to do so,

13   shall be fined under this title or imprisoned not more than 20 years,
or both.

14

                    * * *

15

16       (f) For the purposes of this section-

17       (1) an official proceeding need not be pending or about to be
instituted at the time of the offense; and

18       (2) the testimony, or the record, document, or other objects
need not be admissible in evidence or free of a claim of privilege."

19

20   18 U.S.C. § 1512(b), (c) and (f).

21       The witness tampering statute has been construed to encompass non-coercive

22   attempts to tamper with witnesses or potential witnesses, under the authority of the "corruptly

23   persuades" language of the statute.  See *United States v. Khatami*, 280 F.3d 907 (9th Cir. 2002).

24   The *Khatami* case involved a conviction for witness tampering of a defendant who asked two

25   individuals to lie to a government investigator, in order to prevent discovery that the defendant

26   had been compensated for babysitting services, contrary to her applications for social security

27   disability benefits.  *Ibid.*  The *Khatami* court affirmed the conviction on the basis of a

28   determination that the words "corruptly persuade" do not require intrinsically coercive conduct,

1  and can be "motivated by an inappropriate or improper purpose to convince another to engage in

2  a course of behavior–such as impeding an ongoing criminal investigation." *Id.* at 911-912.

3         By the facts alleged against defendant Deane in the FAC, his efforts to prevent and

4  obstruct the investigation by Natomas of defendants' racketeering activities amount to witness

5  tampering under Title 18 United States Code Section 1512(b) and (c).  Defendant Deane is

6  alleged to be participating in continuing efforts to "corruptly persuade" Natomas, with intent to

7  influence, hinder, delay, or prevent the prosecution of this case, which necessarily includes

8  communication to the Court of information relating to the commission or possible commission of

9  other federal offenses, alleged as the predicate acts by Sinadinos and others.  Deane has concealed

10 and attempted to conceal records with the intent to impair the availability of those records for use

11 in an official proceeding.  Under Title 18 United States Code Section 1512(f), an official

12 proceeding need not be pending or about to be instituted at the time of the offenses by Deane.  In

13 short, Mr. Deane has attempted to hinder or obstruct first the investigation of wrongdoing by

14 Sinadinos and others, and subsequently the prosecution of them for racketeering enterprises

15 predicated on mail and wire fraud, tax evasion, and related offenses.  These continuing wrongful

16 acts by defendant Deane support a claim against him for RICO conspiracy liability, because he is

17 knowingly facilitating the racketeering activities of Sinadinos and other defendants.  Defendant

18 Deane is also liable under Section 1962(c) for committing at least two predicate acts of witness

19 tampering, as part of the alleged, continuing racketeering scheme by defendants.

20        Defendant's reference to the *Davis Lee Pharmacy* case is inapposite.  In that case,

21 plaintiff alleged RICO and conspiracy to commit RICO violations against two individual

22 defendants and members of a church tribunal.  *Davis Lee Pharmacy*, *supra*, 327 F.Supp.2d at 163.

23 The predicate acts alleged against the two individual defendants occurred in 1989 and 1990

24 involving an alleged scheme by defendants to use plaintiff's name for Small Business

25 Administration loan applications.  *Id.* at 162.  The predicate acts alleged against the church

26 defendants occurred in 2003, consisting of church tribunal proceedings which suspended

27 plaintiff's leadership position in the church.  *Ibid.*  Applying precedent of the Second Circuit

28 Court of Appeals, the court identified the requirement for RICO conspiracy that a plaintiff must

Barth Tozer & Timm llp
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   allege an agreement by the conspiracy defendants to commit two or more predicate acts

2   constituting a "pattern of racketeering activity." *Id.* at 165.  Plaintiff in that case only alleged one

3   act, the use of threats to induce plaintiff to drop a lawsuit and the ultimate suspension of plaintiff

4   from his leadership position at the church, as a purported violation of the Hobbs Act, which

5   prohibits the obstruction, delay or effect on commerce by robbery or extortion or the attempt or

6   conspiracy to do so.  *Id.* at 163, 165.  Finding the crime alleged by plaintiff to be "more akin to

7   the separate crime of coercion," not within the terms of the Hobbs Act, the court determined

8   plaintiff had not alleged a necessary predicate act against the church defendants.  *Id.* at 165.

9           In the present case, the test for RICO conspiracy liability does not require

10  agreement to commit two predicate acts, as required in the Second Circuit.  The allegations

11  against defendant Deane satisfy the RICO conspiracy liability test of knowing agreement to

12  facilitate the activities of those operating the illegal enterprise; there is no requirement to allege

13  that Mr. Deane agreed to the commission of two predicate acts under RICO.  The allegations

14  against the church defendants in the *Davis Lee Pharmacy* case also failed on several other

15  grounds, including the substantial time difference between the pattern of activity by the individual

16  defendants and the alleged actions of the church defendants.  The present case does not involve

17  any allegations concerning the Hobbs Act, the alleged predicate act in the *Davis Lee Pharmacy*

18  decision.  Accordingly, that decision has no relevance to the legal standards for defendant Deane's

19  motion to dismiss.

20  **D.      State Law Claims Do Not Predominate Over the RICO Claims**

21          Defendant next argues for dismissal under the provisions of Title 28 United States

22  Code Section 1367(c)(2), on a theory that state law claims in this case predominate over the

23  federal question.  Mr. Deane concentrates his argument on drawing a comparison to the decision

24  in *Bodenner v. Graves*, 828 F.Supp. 516 (W.D. Mich.1993).  The particular issues and claims

25  involved in the present case do not justify dismissal or stay of the state law claims subject to

26  supplemental jurisdiction.

27          The Court may decline to exercise supplemental jurisdiction over state law claims

28  by authority of Title 28 United States Code Section 1367(c).  See *United Mine Workers v. Gibbs*,

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1   383 U.S. 715, 86 S.Ct. 1130 (1966); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343,

2   108 S.Ct. 614 (1988).  Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right.

3   *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172, 118 S.Ct. 523, 533

4   (1997).  Some decisions have held that because Section 1367(c) enumerates grounds upon which

5   supplemental jurisdiction may be declined, federal courts must exercise supplemental jurisdiction

6   in the absence of one of the enumerated factors.  See *Executive Software No. America Inc. v.*

7   *United States District Court (Page)*, 24 F.3d 1545, 1556-1557 (9th Cir. 1994).

8          The "substantially predominates" standard of Section 1367(c)(2) comes from the

9   Supreme Court decision in *Gibbs*.  When a District Court exercises its discretion not to hear state

10   claims under the "substantially predominates" standard, the advantages of a single suit are lost.

11   See *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).  "This will normally

12   be the case only where 'a State claim constitutes the real body of the case, to which the federal

13   claim is only an appendage,' [citation omitted] only where permitting litigation of all claims in the

14   district court can accurately be described as allowing a federal tail to wag what is in substance a

15   state dog." *Borough of West Mifflin*, *supra*, 45 F.3d at 789, *citing Gibbs*, 383 U.S. at 727,

16   86 S.Ct. at 1140.  "The 'substantially predominates' standard, however, is not satisfied simply by a

17   numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of

18   the same set of facts.  An analysis more sensitive to the relevant interests is required." *Borough*

19   *of West Mifflin*, *supra*, 45 F.3d at 789.

20          The *Bodenner* decision cited by defendant Deane does not provide a useful

21   standard for the decision by this Court.  The Michigan district court decision in that case nearly

22   exclusively relied on a numerical count of the state and federal claims for its decision, stating in

23   part, "certainly 28 state counts out of a 29 count complaint rises to the level of state law

24   predominance." *Bodenner*, *supra*, 828 F.Supp. at 519.  The mere coincidence that the district

25   court in *Bodenner* also dismissed the one RICO claim is not a helpful precedent for this case.  See

26   *Ibid*.  It has been recognized that the "relative weakness of a federal claim and concomitant

27   primacy of state law issues" can be considered by a court in deciding whether the state law claims

28   ///

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    predominate. See *Diven v. Amalgamated Transit Union International and Local 689*, 38 F.3d

2    598, 602 (D.C. Cir. 1994). But, those characteristics are not relevant to this case.

3           The state law issues in the present case do not predominate over the federal claims

4    under RICO and RICO conspiracy causes of action. With respect to defendants generally, the

5    primary claims in this case involve an elaborate financial scheme of fraudulent transactions

6    involving active investments by entities which include investors from Chicago and concern

7    multiple undocumented "loans," double payments to outside parties, false tax reporting, and

8    illegal co-mingling and embezzlement of development project money. With respect to defendant

9    Deane in particular, the allegations concern his knowing agreement to facilitate the activities of

10    defendant Sinadinos, who is a primary defendant in the continuing operation of the illegal

11    enterprise. At present, there are no state law claims against defendant Deane, although the factual

12    allegations in the FAC support claims against him for breach of his fiduciary duties to plaintiff

13    Natomas. In "terms of proof, the scope of the issues raised, or the comprehensiveness of the

14    remedy sought" against Deane, the potential state claims touching on his liability do not

15    predominate over his liability for RICO conspiracy. See *Gibbs*, 383 U.S. at 726-27, 86 S.Ct.

16    at 1139. Accordingly, plaintiffs request an order of the Court, denying defendant Deane's motion

17    to dismiss the FAC on grounds of the predominance of state law claims.

18    **E.**    **Plaintiff Natomas Properly States Individual Claims**

19      **1.**    **Deane Lacks Standing to Seek Relief in This Motion for Other Defendants**

20           Defendant Deane appears to argue that the claims raised by plaintiff Natomas in

21    the FAC are derivative in nature and cannot be brought in the individual capacity of Natomas.

22    See Deane's MPA, at 11:15-12:2. In the first place, the argument by defendant Deane purports to

23    seek dismissal of the entire FAC on these grounds, relief for which he has no standing. A

24    particular defendant has no standing to seek dismissal of an action as to claims against

25    nonmoving defendants. See *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957).

26    Accordingly, the argument by Mr. Deane must be limited to his objections regarding the claims

27    against him by plaintiff Natomas.

28    ///

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

## 2.   **Legal Standard for Individual Claims**

In the corporate context, a shareholder's action is "derivative" if the gravamen of the complaint is injury to the corporation, or if it seeks to recover corporate assets or to prevent their dissipation.  Where the injury is to the corporate assets as a whole, the injury to the value of an individual stockholder's shares is deemed merely incidental to the direct injury to the corporation's assets, which must be brought in a derivative action.  See *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  Shareholders may maintain direct actions for injury to their interest as shareholders, such as damage actions against controlling shareholders for breaching fiduciary duties owed to minority shareholders.  See *In re Kaplan*, 143 F.3d 807, 811 (3d Cir. 1998).

An action may lie both derivatively and individually based on the same conduct. The presence of an injury to the corporation does not necessarily negate the simultaneous presence of an individual injury separable from his or her interests as a shareholder.  *Pareto*, *supra*, 139 F.3d at 699; see also *Denevi v. LGCC, LLC*, 121 Cal.App.4th 1211 (2004).

Where the gravamen of causes of action is injury to a minority shareholder or member of a limited liability company, caused by the majority interest holder, a plaintiff may bring the action in his or her individual capacity.  See *Smith v. Tele-Communication, Inc.*, 134 Cal.App.3d 338, 343 (1982); *Jara v. Suprema Meats, Inc.*, 121 Cal.App.4th 1238, 1257-1258 (2004).  After a review of case law regarding the distinction between individual and derivative actions, the *Jara* court applied the test explained in the California Supreme Court decision of *Jones v. H.F. Ahmanson & Co.*, 1 Cal.3d 93 (1969).  The *Jara* court said, "[l]ike the federal court in *Pareto,* we read *Jones* as allowing a minority shareholder to bring a personal action alleging 'a majority stockholder's' breach of a fiduciary duty to minority stockholders, which resulted in the majority stockholders retaining a disproportionate share of the corporation's ongoing value." *Jara*, *supra*, 121 Cal.App.4th at 1257-1258.  Finding the gravamen of the complaint in that case concerned a claim that plaintiff therein was deprived of a fair share of the corporation's profits as a result of defendants' generous payment of executive compensation to themselves, the court allowed the individual claims to proceed.  *Id.* at 1258.  The court recognized that "the traditional justification for requiring a derivative action is that 'it is designed to prevent a multiplicity of

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1  actions by each individual shareholder and a preference of some more diligent shareholders over

2  others ...."' *Ibid*. But, the court observed the "objective of preventing a multiplicity of lawsuits

3  and assuring equal treatment for all aggrieved shareholders <u>does not arise at all when there is only</u>

4  <u>one minority shareholder</u>. The objective of encouraging intra-corporate resolution of disputes and

5  protecting managerial freedom is *entirely meaningless where the defendants constitute the entire*

6  *complement of the board of directors and all corporate officers*." Id. at 1259 (emphasis added).

7        The status of a plaintiff as a sole minority shareholder has been recognized in other

8  decisions as significant to the right to assert individual claims. See *Smith*, *supra*, 134 Cal.App.3d

9  at 342-344. In the *Smith* decision, the court considered allegations by the sole minority

10  shareholder against the majority shareholder for deprivation of his share of the company as a

11  result of a fraudulent violation of defendant's fiduciary duties during the sale of company assets.

12  *Smith*, *supra*, 134 Cal.App.3d at 341-342. The *Smith* court found the gravamen of the causes of

13  action was injury to plaintiff as a minority shareholder, and the court also observed that a cause of

14  action based on fraud is individual and not representative in character. *Id*. at 343.

15        Even the claims of a group of minority interest holders against the holders of a

16  majority interest in the company can be brought as individual claims. See *Everest Investors 8 v.*

17  *McNeil Partners*, 114 Cal.App.4th 411 (2003). The gravamen of the claims by minority partners

18  in *Everest Investors* was an injury to the interests of the limited partners and not the interests of

19  the general partner or to the defendant, McNeil Partnerships. *Id*. at 428-429.

20        **3.**    <u>**Natomas Properly States Individual Causes of Action**</u>

21        Plaintiff Natomas states individual and derivative claims in the FAC. The

22  derivative claims are on behalf of Village and Vintage against defendant Sinadinos and Foondos

23  for professional legal and accounting malpractice, causing damage to Village and Vintage. The

24  gravamen of the remaining, individual claims by Natomas is to seek relief for damages caused to

25  the economic interests of Natomas as the sole minority member of Village and Vintage. In each

26  of those companies, the only other member was a company formed and controlled by defendant

27  Sinadinos and named herein as entity defendants. In the Village project, the FAC alleges that

28  Sinadinos operated the fraudulent RICO enterprise for the benefit of himself as the manager and

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1  his investor group, the sole majority member of Village Capital Group LLC, Chi-Sac Florin

2  Vineyards Investors LLC.  In the Vintage project, the FAC alleges that Sinadinos operated the

3  fraudulent enterprise for the benefit of himself as the manager and his investor group, the sole

4  majority member of Vintage Creek LLC, Chi-Sac Vintage Creek Investors LLC.  In both

5  companies, the alleged illegal benefits derived from the fraudulent, racketeering enterprises

6  accumulated for the particular benefit of Sinadinos, the sole majority members of the companies,

7  and co-conspirators of Sinadinos, to the particular detriment of plaintiff Natomas.  Under these

8  circumstances, the injury occurred to the interest of plaintiff Natomas, and plaintiff properly

9  states claims in its individual capacity.

10  **F.**   **Deane Lacks Standing to Argue Compliance with Rule 23.1**

11         An alleged failure to comply with the procedural requirements of Rule 23.1 cannot

12  be raised by defendant Deane.  Again, he lacks standing to argue the requirements of that rule,

13  because the FAC contains no derivative claims lodged against him. See *Mantin, supra,* 248 F.2d

14  530.  Mr. Deane also attempts to argue extrinsic evidence about the disputed allegations in the

15  state court action, which should not be considered by this Court in determining the motion to

16  dismiss.

17         Even if the arguments by defendant Deane could be extended to the particular

18  derivative claims stated in the FAC concerning professional malpractice causes of action against

19  defendant Sinadinos and Foondos on behalf of Village and Vintage, such arguments cannot

20  prevail.  With respect to attempting curative action from Village and Vintage for Counts Six and

21  Eight prior to filing the complaint, the FAC properly alleges futility of such attempts.  See FAC,

22  ¶¶234, 244.  Defendants Sinadinos and Foondos managed and completely controlled the actions

23  of Village and Vintage and the sole majority interest holders in those companies.  Sinadinos and

24  Foondos formed Village and Vintage and the respective "Chi-Sac" majority members, such that

25  those respective entities were essentially fictional, with no separate officers or controlling

26  members besides defendants Sinadinos and Foondos.  Moreover, the FAC alleges that Village and

27  Vintage were among the "enterprises" specifically operated illegally under the provisions of

28  RICO.  See FAC, ¶194.

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    **G.    Deane's Remaining Arguments Are Not Properly Stated Within This Motion**

2            The remaining arguments by defendant Deane assert the lack of authority of the

3    manager of Natomas to bring this action and seek a stay of the suit for arbitration.  The

4    arbitration-related claim is no longer relevant, after withdrawal of the motion to compel

5    arbitration.  The argument concerning the lack of managerial authority is premised entirely on a

6    disputed interpretation of the Natomas operating agreement, which is entirely extrinsic to and

7    outside the allegations of the FAC.  There is no legal basis for the Court to take judicial notice of

8    the arguments made by defendant Deane against the authority of Mr. Solorio to act for the benefit

9    of plaintiff Natomas.

10                                           **III**

11                                   **CONCLUSION**

12           For the foregoing reasons, plaintiffs respectfully request an order of this Court

13   denying the motion to dismiss, or alternatively to stay this action, brought by defendant Larry

14   Deane.  Many of his arguments are based on extrinsic evidence, which should be rejected by the

15   Court on a motion to dismiss.  He also makes several arguments for which he has no standing.

16   Among those arguments he can raise, the motion to dismiss cannot succeed against the factual

17   allegations of the FAC and reasonable inferences from those facts.  The FAC states appropriate

18   claims against Mr. Deane, state law claims do not predominate over the RICO claims, there are

19   no exceptional circumstances which might justify the exercise of the *Colorado River* abstention,

20   and the claims by Natomas are properly raised in its individual capacity as the sole minority

21   interest holder in Village and Vintage.

22   Dated:  April 3, 2009.                    BARTH TOZER & TIMM LLP

23

24                                   By_____

25                                           THOMAS W. BARTH

26                                   Attorneys for Plaintiffs

27

28

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1

**PROOF OF SERVICE**

2

I, Sheryl A. Pereda, declare:

3

I am a resident of the State of California, over the age of 18 years, and not a party to the within action; my business address is 431 I Street, Suite 201, Sacramento, California 95814. On April 3, 2009, I served the within document:

4

5

**OPPOSITION TO DEFENDANT LARRY DEANE'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, STAY THE ACTION**

6

7    ☐   by transmitting via facsimile from (916) 440-9610 the above listed document without error to the facsimile numbers set forth below on this date.

8    ☐   by scanning and transmitting the above listed document as a PDF attachment to a message directed to the person named below at the email address listed below.

9    ☐   by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

10   ☐   by causing the document listed above to be delivered via FEDERAL EXPRESS OVERNIGHT DELIVERY to the persons at the addresses set forth below.

11   ☑   by causing personal delivery of the document listed above to the persons at the addresses set forth below.

12

| | |
|---|---|
| Donald M. Wanland, Jr. (don@lowands.com) | Carl P. Blaine (cblaine@wkblaw.com) |
| Jason W. Burgess (jburgess@lowands.com) | Eric Garner (egarner@wkblaw.com) |
| LAW OFFICES OF WANLAND & SPAULDING | WAGNER KIRKMAN BLAINE KLOMPARENS |
| 705 University Avenue | & YOUMANS LLP |
| Sacramento, CA 95825 | 10640 Mather Boulevard, Suite 200 |
| 916-568-6000; Fax 916-568-6009 | Mather, CA 95655 |
| | 916-920-5286; Fax 916-920-8608 |
| | |
| Robert D. Collins (BCollins@CVMLaw.com) | Richard M. Watts, Jr. (rwatts@mpwlaw.net) |
| CVM LAW GROUP, LLP | MILLSTONE PETERSON & WATTS, LLP |
| 8795 Folsom Blvd., Suite 200 | 2267 Lava Ridge Court, Suite 210 |
| Sacramento, CA 95826 | Roseville, CA 95661 |
| 916-381-6171; Fax 916-381-1109 | 916-780-8222; Fax: 916-780-8775 |
| | |
| Stephen J. Beede (sjbeede@bpelaw.com) | Patrick J. Waltz (Waltzlaw@sbcglobal.net) |
| BPE LAW GROUP, INC. | WALTZ LAW FIRM |
| 11140 Fair Oaks Blvd., Suite 300 | 2022 28th Street |
| Fair Oaks, CA 95628 | Sacramento, California 95818 |
| 916-966-2260; Fax: 916-966-2268 | 916-454-0904; Fax: 916-454-0909 |

13

14

15

16

17

18

19

20

21

22

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

23

24

25

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this was executed on April 3, 2009, at Sacramento, California.

26

27

SHERYL A. PEREDA

28

00003418

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA