UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NATOMAS GARDENS INVESTMENT
GROUP LLC, a California limited
liability company, ORCHARD PARK
DEVELOPMENT LLC, a California
limited liability company,

          NO. CIV. S-08-2308 FCD/KJM

      Plaintiffs,

  v.               MEMORANDUM AND ORDER

JOHN G. SINADINOS, STANLEY J.
FOONDOS, STEPHEN FOONDOS, et
al.,

      Defendants.

----oo0oo----

**BACKGROUND**

On June 1, 2009, defendant Larry Deane ("Deane") filed a counterclaim against plaintiff/counter-defendant Natomas Gardens Investment Group, LLC ("Natomas") and third-party claim against third-party defendant Eric Solorio ("Solorio"), the majority shareholder of Natomas. Therein, Deane, also a shareholder in Natomas, alleged individual claims for express indemnity, breach of contract, implied indemnity, and equitable indemnity against

1

Natomas and Solorio, as well as shareholder derivative claims on behalf of Natomas against Solorio for breach of fiduciary duty, breach of contract and the implied covenant of good faith and fair dealing and intentional interference with prospective economic advantage. (Docket #125.)

On July 24, 2009, Deane moved to disqualify the law firm of Barth, Tozer & Timm ("Barth") from further representing Natomas in this action; Deane also sought a ruling precluding Barth from representing Solorio in this action and in a related state court action.  On September 14, 2009, this court issued its order, disqualifying Barth from further representation of Natomas and directing Natomas to find "independent counsel having no prior relationship with the company or the individual defendants in this action."  (Mem. & Order [Docket #178] at 20-21 ["Sept. 14 Order"].)  The court, however, permitted Barth to continue to represent Solorio in the related state court proceedings, and it indicated that Barth could substitute in as Solorio's counsel in this action, if Solorio so wished (presently Solorio appears *pro se* in this action).  (Id. at 17-20, 21.)

This matter is now before the court on plaintiff Orchard Park Development LLC's ("Orchard") motion for clarification or reconsideration of the court's September 14 Order.  Deane and co-defendants John G. Sinadinos and Stanley J. Foondos oppose the motion (collectively, "defendants"),[1] arguing it is both procedurally and substantively without merit.

---

[1]     Other defendants in the action filed joinders in these defendants' oppositions.  (Docket #s 194, 195.)

2

**ANALYSIS**

Defendants' procedural objections can be summarily dismissed.  First, contrary to defendants' argument that Orchard "lacks standing" to bring this motion, it was appropriate for Barth to file the motion on behalf of its current client Orchard.  The court's order disqualifying Barth from representing Natomas did not effect Barth's representation of Orchard.  (Id. at 2 n. 1 [noting that Orchard was not a party to the disqualification motion because Deane did not assert derivative claims against Orchard].)  Barth properly brought this motion on Orchard's behalf so as not to run afoul of the court's order disqualifying Barth from representing Natomas.  Clearly, the arguments pressed by Orchard's motion relate to *Barth's* request for clarification regarding its continued role in this case, if any, relating to Natomas and Solorio.

Second, Orchard's reliance on Federal Rule of Civil Procedure 60[2] as the procedural vehicle for bring the instant motion is not, as urged by defendants, incorrect.  A motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment).  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Because Orchard's motion was filed more than ten days after entry of the court's order, the court will consider the instant motion under Rule 60(b).  See Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry

---

[2]   All further references to a "Rule" are to the Federal Rules of Civil Procedure.

of an order or judgment).

Absent "highly unusual circumstances," reconsideration of a final order or judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263. However, here, where the court's order is more akin to a non-final, interlocutory order, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000); see also Bowen Investment, Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (recognizing that a motion under Rule 60 is appropriate where an order failed to reflect the court's intentions).

### 1. **Retaining New Counsel for Natomas**

As for the substantive issues raised by the motion, Barth requests, in the first instance, clarification regarding the logistics of selecting new counsel for Natomas.  Following the issuance of the court's order, Deane's counsel objected to Barth or Solorio's participation in selecting new counsel for Natomas, arguing that their involvement would further violate ethical rules as well as the court's order.  (Barth Decl., filed Oct. 13, 2009, ¶ 2, Ex. A.)  In opposing the instant motion, defendants argue similarly; defendants suggest that the court direct co-counsel for Natomas, Patrick Waltz, to either serve as Natomas' counsel or find substitute, independent counsel.

Natomas, as a limited liability company, cannot appear in this action *pro per*; it must be represented by counsel.  E.D.

4

1  Cal. L.R. 83-183.  While the court previously directed Natomas to
2  find new and independent counsel with no prior ties to the
3  corporation or its shareholders, the order did not describe a
4  method for doing so.  (Sept. 14 Order at 20 [recognizing that
5  courts confronting this issue have generally provided only that
6  "the corporation resolve th[e] problem [of retaining new counsel]
7  as it would any other issue as to which the existence of
8  interested directors renders the usual corporate decision-making
9  process unavailable" (citing Messing v. FDI, Inc., 439 F. Supp.
10 776, 784 (D.N.J. 1977))].)  However, a dispute has now arisen
11 between the parties, and thus, clarification of the court's
12 intentions is warranted.

13      Natomas is a fictional entity and can act only through its
14 principals.  While defendants object to Barth and Solorio's
15 involvement in the selection of new counsel, *only* Barth and
16 Solorio have information necessary to inform any potential new
17 counsel about the status of this case and Natomas' interests in
18 pursuing it.  Contrary to defendants' proposal, Mr. Waltz is not
19 the appropriate person to serve as Natomas' counsel, nor obtain
20 new counsel for the company.  As set forth in Mr. Waltz'
21 declaration, submitted on the motion, his involvement to date in
22 this case has been limited to only the issues of professional
23 malpractice.  He has deferred in all respects to Barth's
24 decisions in litigating the case on behalf of Natomas.  Indeed,
25 Mr. Waltz indicates that he can no longer represent Natomas, even
26 in a limited capacity, since Solorio is not paying for his
27 services and he cannot work on a contingency basis.  Thus, Mr.
28 Waltz states he will move the court to permit his withdrawal upon

5

1  the lifting of the stay in the action. (Waltz Decl., filed Nov.
2  5, 2009.)

3       Also, contrary to defendants' suggestions, this court cannot
4  select counsel for Natomas.  Courts confronting this issue have
5  wholly rejected the notion that it is the court's responsibility
6  to appoint independent counsel for a corporation and have
7  generally chosen to give little direction to the parties on how
8  new counsel should be selected.  See e.g. Messing, 439 F. Supp.
9  at 784, supra; Musheno v. Gensemer, 897 F. Supp. 833, 839 (M.D.
10 Pa. 1995) (appointing ad hoc committee of two non-defendant
11 directors to select counsel).

12       The court acknowledges, however, that due to the facts and
13 circumstances of this case, involving a corporation with just two
14 major shareholders who are embroiled in contentious and
15 protracted litigation, further direction is required by the
16 court.  Here, the only practical means for Natomas to obtain new
17 counsel requires direct involvement in that effort by Solorio and
18 Barth.  Solorio, in his capacity as manager of Natomas, has
19 investigated and sought redress for alleged wrongdoing against
20 the company; he is the only source of confidential information
21 relating to the role of Natomas as a plaintiff in this action; no
22 one else has been engaged in prosecuting the case on behalf of
23 Natomas, and Deane, in particular, is directly adverse to the
24 interests of Natomas in this capacity.  Barth, in turn, has been
25 the only attorney serving as an advocate for plaintiff Natomas in
26 this action.  He has received all confidential information
27 pertaining to Natomas from Solorio.  Any counsel who may consider
28 undertaking representation of Natomas on a contingency, which is

necessary, Solorio reports, since the company has no liquid assets, will necessarily rely in the first instance on information about the facts, circumstances and history of the investigation and prosecution of the case on behalf of Natomas, from Solorio and Barth.  Significantly, should counsel be retained through this process, he or she would be free to take whatever action may be appropriate with respect to the litigation, on behalf of and in the best interests of Natomas. But, as Barth correctly argues, "barring [it] and Solorio . . . from undertaking the effort to locate independent counsel preordains the failure of that effort."  (Mem. of P. & A., filed Oct. 13, 2009, at 6.)  Thus, considering that only Barth and Solorio have the necessary information, including all relevant corporate documents, to impart to new counsel, the court will permit them to select new counsel for Natomas.  See Lewis v. Shaffer Stores Co., 218 F. Supp. 238, 240 (S.D.N.Y. 1963) (holding that while not the ideal situation considering the conflicts of interest that necessitated the disqualification, "the fact that the selection of such independent counsel will . . . . be made by officers and directors who are defendants does not . . . present any insuperable difficulty").  Said new counsel must be "'independent counsel.'"  (Sept. 14 Order at 20.)  The court cautions Barth and Solorio that they may only select counsel that has had no previous connection (business or personal) with Natomas, Natomas' individual directors or shareholders, any other party to this case or Barth.  (Id.)

1    **2.   Barth's Representation of Solorio**

2         Next, Orchard seeks clarification regarding Barth's ability

3    to substitute in as counsel for Solorio.  The parties argue about

4    the propriety of such a substitution in their respective papers.

5    However, the court need not resolve that dispute, since there are

6    no grounds to support reconsideration of this issue, nor is there

7    a need for clarification of the court's order.  In Deane's motion

8    to disqualify, he moved for Barth's complete disqualification

9    from this action, disqualifying Barth from representing Natomas

10   and Solorio in this action and precluding Barth from representing

11   Solorio in the related state court action.  The court found that

12   complete disqualification was not required. (Sept. 14 Order at

13   17-19.)  It held, unambiguously, that permitting Barth to

14   continue representing Solorio is "consistent with federal

15   authority in the precise circumstance of attorney

16   disqualification in shareholder derivative litigation, which

17   holds that while dual representation of a corporation and its

18   directors is impermissible (at least if the directors are charged

19   with fraud), the attorney who formerly represented both clients

20   may continue to represent the individual ones." (Id. at 19

21   [citing Forrest v. Baeza, 58 Cal. App. 4th 65, 81 (1997) and

22   Lewis, 218 F. Supp. at 239].)  Therefore, if Solorio wishes to be

23   represented by Barth in this action, Barth may substitute in as

24   his counsel and nothing precludes Barth from continuing to

25   represent Solorio in the state court action.[3]

26   _____

27        [3]   Deane contends that Barth's representation of Solorio
     in this action, after being disqualified from representing
     Natomas and thereby rendering Natomas a "former client," would
28   violate California Rules of Professional Conduct 3-310(E).  The

**CONCLUSION**

For the foregoing reasons, Orchard's motion for clarification or reconsideration of the court's September 14 Order is GRANTED in part and DENIED in part.  The court clarifies its order in the respects set forth above regarding Barth and Solorio's involvement in obtaining new counsel for Natomas.  The court, however, denies the motion with respect to Barth's potential representation of Solorio in this action.

This case shall remain stayed for 60 days from the date of this order to permit Barth and Solorio time to locate new and independent counsel for Natomas with no prior ties to any of the parties involved.  Following the lifting of the stay, Mr. Waltz is directed to file a noticed motion, in compliance with the local rules, to withdraw as co-counsel for Natomas.  The court hereby continues the hearing on the pending motions to dismiss, motion for judgment on the pleadings and motion to strike (Docket #s 128, 134, 139, 170, 174, 183), currently set for January 15,

///
///
///
///
///

_____

court need not reach that issue here, as presently, Solorio appears in this action *pro per*.  Said argument was not raised on the underlying motion, and to date, it is a moot issue since Solorio is unrepresented in this action.  Should that change, Deane may file an appropriate motion challenging Barth's representation of Solorio.  However, Deane is cautioned to review this court's order and the cases cited therein permitting the continued representation of individual shareholders in these circumstances.

2010, to March 26, 2010 at 10:00 a.m. in Courtroom 2.

    IT IS SO ORDERED.

 DATED: November 24, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

10