LAW OFFICES OF S. CHANDLER VISHER
S. Chandler Visher, SBN 52957
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone: (415) 901-0500
Facsimile:  (415) 901-0504
Email: chandler@visherlaw.com

Attorneys for Plaintiff
NATOMAS GARDENS INVESTMENT GROUP LLC

THOMAS W. BARTH, SBN 154075
BARTH & TOZER LLP
431 I Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile:  (916) 440-9610
Email:  tbarth@bttlawfirm.com

Attorneys for Plaintiff
ORCHARD PARK DEVELOPMENT LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATOMAS GARDENS INVESTMENT GROUP LLC, a California limited liability company, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN G. SINADINOS, et al.,<br><br>Defendants. | Case No. 2:08-CV-02308-FCD-KJM<br><br>**PLAINTIFFS' JOINT OPPOSITION TO DEANE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Date:   March 26, 2010<br>Time:  10:00 a.m.<br>Ctrm:   2<br>Judge: Honorable Frank C. Damrell, Jr. |

Plaintiff Natomas Gardens Investment Group LLC (hereinafter referenced as "Natomas") and Orchard Park Development LLC jointly submit the following memorandum of points and authorities in opposition to defendant Larry Deane's Motion to Dismiss the Second Amended Complaint or, in the Alternative, For a More Definite Statement.

///

///

I. **BRIEF INTRODUCTION**

Pursuant to its Order of May 12, 2009, this Court found that plaintiffs adequately alleged their RICO conspiracy claim against defendant Larry Deane (hereinafter referenced as "Deane") as set forth in the First Amended Complaint. (See, Court Order of May 12, 2009, Docket No. 123 at 48:1-13).[1] More specifically, the Court found that Deane allegedly not only was aware of defendants' mishandling of funds, but also that he allegedly concealed and misrepresented information to Solorio regarding the pertinent transactions.

Defendant Deane assiduously avoids mention of the Court's prior May 12, 2009 Order. Based on the RICO conspiracy claim, Deane is potentially liable for all the same damages as alleged against defendants Sinadinos, et al. The Second Amended Complaint (hereinafter referenced as "SAC") does not change any allegations against Deane and his present motion to dismiss does not change his potential liability for RICO conspiracy. As such, a more definite statement with respect to the RICO conspiracy claim is not necessary or required. Deane is simply attempting a back door challenge to Court's first ruling, by arguing that the entire SAC is insufficient against him when it has already been determined that plaintiffs have stated a valid claim against Deane.

Defendant Deane's present motion does nothing to change his potential liability in this case. Deane's claims, i.e. (1) plaintiffs have failed to name "indispensable" parties; (2) Natomas lacks standing to bring this action; (3) plaintiffs fail to adequately allege facts supporting their claim of damages based on witness tampering; (4) plaintiffs fail to allege adequately a claim based on fraud; and (5) plaintiffs have failed to allege a valid claim based on conversion do not provide a legal basis for the granting of the present motion. For the reasons set forth herein, each one of defendant Deane's arguments is without merit and his motion to dismiss should be denied in its entirety.

///

///

---

[1] Plaintiffs respectfully request that the Court take judicial notice of its May 12, 2009 ruling, pursuant to Federal Rule of Civil Procedure, Rule 201. See Docket No. 123.

## II. ARGUMENT

### A. Legal Standards Applied on Motions to Dismiss

The purpose of a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion is to test the "legal sufficiency of the claim or claims stated in the complaint." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957); *De La Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978). The motion is disfavored; dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 642 F.2d 963, 966 (9th Cir. 1981).

In evaluating the motion, the Court looks only to the face of the complaint to determine whether there are defects. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). In addition, "the court must accept as true all material allegations in the complaint, as well as *reasonable inferences* to be drawn from them." Schwarzer, Tashima, and Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:215 (emphasis in original), *citing Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "The test is whether the facts, as alleged, support *any* valid claims entitling plaintiff to relief" regardless of whether plaintiff erroneously used the wrong legal theory. Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:227 (emphasis in original), *citing Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985). No matter how improbable the facts alleged may be, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 US 319, 328-329, 109 S.Ct. 1827, 1833 (1989). The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

In all averments of fraud, the circumstances constituting fraud shall be stated with particularity. See Rule 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). The particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). In cases involving several defendants, plaintiff may allege that certain defendants acted in concert or pursuant to a conspiracy. If the complaint adequately identifies a particular defendant with a category of

defendants allegedly responsible for some continuing course of conduct, allegations that "defendants" committed described acts cover each member of the group. *In re Equity Funding Corp. of America Sec. Litig.*, 416 F.Supp. 161, 181 (C.D.Cal. 1976). A court may afford a plaintiff limited opportunity to conduct discovery for the purpose of pleading fraud with greater particularity. See *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and cannot reasonably be expected to frame a proper response. See *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal. 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D.Cal. 1999). Such a motion fails where the complaint is specific enough to apprise defendant of the substance of the claim being asserted. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal. 1996). "Motions for more definite statement are viewed with disfavor, and are rarely granted." Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 9:351 (*citing Rahman v. Johanns*, 501 F.Supp.2d 8, 19 (D D.C. 2007)). "The technical requirements of pleading are minimized under the Federal Rules. Courts are therefore reluctant to spend time 'fine-tuning' the pleadings." *Id.* at § 9:352.

**B.    The Arguments Raised By Deane's Motion Are Either Moot or Without Merit**

    **1.    Response to Deane's Argument Regarding Indispensable Parties**

Defendant Deane takes plaintiff Natomas to task for purportedly failing to name indispensable parties in this action, i.e. the Vathis family and the receiver appointed in the state court proceedings. Alternately, Deane claims that the indispensable party plaintiffs did name, Margarida Leavitt, was done in violation of the Court's Pre-Trial Scheduling Order and, therefore, plaintiffs have failed to name Leavitt as an indispensable party. Deane's arguments do not warrant more than passing consideration. (See, Deane's Motion to Dismiss at 4:4-7:18.)

    **(a)    The Receiver Appointed in the State Court Proceedings**

On March 12, 2009, the Honorable Judge Loren McMaster issued his order appointing a receiver, Scott Sackett, in the state court proceedings initiated by defendant Deane entitled *Larry Deane v. Eric Solorio*, Superior Court Case No. 34-2008-0024973-CU-CO-GDS.

However, the receiver's involvement in the case was short-lived. On August 6, 2009, the Court granted Sackett's motion to, among other things, be discharged from all further duties, liabilities and responsibilities as the receiver in the action based, in part, on defendant Deane's failure to comply with the terms of a prior July 6, 2009 order with respect to Deane's payment of fees to the receiver. (See, Request for Judicial Notice, Exhibits B and D.) On August 3, 2009, the Court granted Eric Solorio's motion for a stay of the state court proceedings pending the outcome of the federal court action. (See, Request for Judicial Notice, Exhibit C.) Mr. Sackett's duties were discharged more than seven (7) months ago and he no longer has any power or authority to act on behalf of Natomas. As such, there is no basis to deem Mr. Sackett an indispensable party.

### (b) Margarida Leavitt and the Vathis Family

The Court's May 12, 2009 Memorandum and Order relating to defendants' collective motions to dismiss the First Amended Complaint does not prohibit naming indispensable parties in the Second Amended Complaint. Based on its investigation and for the reasons set forth in the Second Amended Complaint at paragraph 38, plaintiffs deemed Margarida Leavitt an indispensable party. Defendant Deane agrees, but complains that the naming of Ms. Leavitt as a defendant violates the Court's initial Pre-Trial Scheduling Order. Defendant Deane cannot have it both ways. Moreover, a summons as to Ms. Leavitt has not been issued and she has not been served with the SAC. Presently, she is not before the Court. It is not for defendant Deane's counsel to represent Ms. Leavitt's interests on a motion to dismiss. A particular defendant has no standing to seek dismissal of an action as to claims against nonmoving defendants. See *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957). Accordingly, the argument by Mr. Deane must be limited to his objections regarding the claims against him by plaintiff Natomas.

While the Vathis family has been mentioned in the Second Amended Complaint, Deane does not articulate facts or theories as to why the Vathis family is an indispensable party in this action. The fact is that the Vathis family did not have the level of involvement in the noted transactions warranting their inclusion in the action. Given the number of claims and parties that

///

have survived defendants' prior motions to dismiss, it is nonsensical in the extreme to consider dismissing the entire action based on Deane's argument regarding indispensable parties.

2. **Response to Arguments Regarding Natomas' Lack of Standing**

Based on *First State Bank of Northern California v. Bank of America*, 618 F.2d 603, 604 (9th Cir. 1980), Deane argues that the state court receiver is an indispensable party and that Natomas lacks standing to bring this suit. Plaintiffs do not quibble with the law. Based on the facts, however, Deane's argument is moot. The receiver has been discharged and the state court action has been stayed. (See, Section II B (1), infra.) As such, the receiver does not have standing to act on behalf of Natomas in any respect. The state court action has been stayed pending the outcome of these federal proceedings. Accordingly, the federal court is the appropriate (and only) forum in which to litigate plaintiffs' present claims.

3. **Response to Deane's Arguments Regarding Witness Tampering and Fraud**

Defendant Deane asserts that the Second Amended Complaint fails to allege facts supporting a claim based on witness tampering and fraud as to himself. Defendant is correct for the simple reason that plaintiffs have not alleged such claims as against Deane. While there are factual allegations alleged relating to Deane's interference with Mr. Solorio's investigation, there is no separate claim based on "witness tampering." Count Three of the Second Amended Complaint states plaintiffs' fraud claim. But, that claim is directed as against defendants Sinadinos and Foondos, and their respective limited liability companies, partnerships, law and accounting offices. (SAC, ¶¶213-220). Plaintiffs have not charged defendant Deane with witness tampering or fraud. As such, Deane's arguments do not provide a basis upon which to grant a motion to dismiss.

4. **Response to Deane's Argument Relating to the Conversion Claim**

Plaintiffs have pleaded in exquisite factual detail the extent of defendant Sinadino's and his co-conspirators' RICO enterprise that existed to and was fueled by defendants' misappropriation of funds belonging to plaintiffs. (See, SAC, ¶¶63-151) These allegations, incorporated by reference, similarly support plaintiffs' conversion claim as plaintiffs allegedly were, and are, entitled to possession, ownership, and control of all funds deposited in the accounts

for the Village, Vintage Creek, and Madera projects by prospective buyers, investors and homebuilders to the extent of their membership interests and capital accounts in the development companies for those projects. (SAC, ¶251.) Plaintiffs also were and are entitled to possession, ownership, and control of property interests and equity wrongfully transferred by defendants from Village and Vintage Creek projects, including but not limited to the interests in the Johl, Von Behren, and Ubungen parcels. (SAC, ¶251.) Through their conversion, defendants have taken possession, ownership and control of plaintiffs' property and, as a proximate result, plaintiffs suffered injuries and monetary damages in excess of $3,000,000. (SAC, ¶¶7, 252.)[2] Plaintiffs have alleged all necessary elements to state a claim based on conversion.

The tort of conversion is the wrongful exercise of dominion over the personal property of another. The elements of a conversion claim are well-known and include: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort. "The foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial. [Citations.]" (*Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1066 (1989).) "Neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action [for conversion]." (*Poggi v. Scott*, 167 Cal. 372, 375 (1914).) Moreover, it is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. (*Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 544 (1996).)

Defendant Deane, relying on the case of *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro*, 150 Cal.App.4th 384, 395 (2007), apparently believes that plaintiffs are required to *prove* at the pleading stage that defendants converted a "sum certain." The *PCO, Inc.* case does not stand for the proposition that plaintiffs are required to plead and prove a sum certain

---

[2] Plaintiffs do not allege that defendants converted their "real property." But, they do allege that defendants have converted their monetary interests in the Village, Vintage Creek and Madera projects. (SAC, ¶251.)

on a conversion claim to withstand a motion to dismiss. Indeed, on appeal, the *PCO, Inc.* Court was considering the sufficiency of the evidence of the claim on a motion for summary adjudication of issues. In fact, the *PCO, Inc.* Court recognized that plaintiff could state a cause of action for conversion by alleging, in effect, an amount of cash "capable of identification." *PCO, Inc., supra,* 150 Cal.App.4th at 397, citing, *Haigler v. Donnelly* (1941) 18 Cal.2d 674, 681). Absent the ability to take discovery, any defrauded plaintiff would be hard pressed to prove a "sum certain" of the amount that had been unlawfully taken.

As in the present case, California cases permitting an action for conversion of money typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others. (See, e.g., *Haigler v. Donnelly*, 18 Cal.2d at 681 (1941); *Weiss v. Marcus*, 51 Cal.App.3d 590, 599 (1975); *Watson v. Stockton Morris Plan Co.*, 34 Cal.App.2d 393, 403 (1939).) In each of these cases, the amount of money converted was readily ascertainable. In this case, the amount converted will be readily ascertainable once plaintiffs have been allowed complete access to partnership records (to which they have previously been denied) and have had the opportunity to engage in discovery to prove the extent of defendants' conversion. If, after discovery has been completed, and plaintiffs are unable to prove a sum certain of defendants' conversion then defendants are free to challenge the claim with a motion for summary adjudication. Plaintiffs have alleged adequately their claim based on conversion. To hold plaintiffs to a pleading and proof standard applied at the summary judgment stage is premature and not sanctioned by law.

### III.   CONCLUSION

Plaintiffs respectfully request an order of the Court, denying defendant Deane's motion to dismiss, or in the alternative, for more definite statement. As the Court has already determined, plaintiffs have stated a valid RICO conspiracy claim against Deane. There is nothing in Deane's present motion to dismiss that changes the Court's prior ruling. The allegations of the Second Amended Complaint are sufficiently detailed to inform defendant Deane of the claims asserted against him and to allow him the opportunity to file a responsive pleading. Plaintiffs

///

1 | respectfully submit that defendant Deane's Motion to Dismiss or, in the alternative, Motion for a
2 | More Definite Statement be DENIED in its entirety.
3 |           Respectfully submitted,
4 | Dated: March 9, 2010.   LAW OFFICES OF S. CHANDLER VISHER

6 |           By____/s/ S. Chandler Visher_____
7 |             S. CHANDLER VISHER
          Attorneys for Plaintiff
8 |           NATOMAS GARDENS INVESTMENT GROUP LLC

9 | Dated: March 9, 2010.   BARTH TOZER & TIMM LLP

12 |           By____/s/ Thomas W. Barth_____
            THOMAS W. BARTH
          Attorneys for Plaintiff
13 |           ORCHARD PARK DEVELOPMENT LLC

# PROOF OF SERVICE

I, Sheryl A. Pereda, declare: I am a resident of the State of California, over the age of 18 years, and not a party to the within action; my business address is 431 I Street, Suite 201, Sacramento, California 95814. On March 9, 2010, I served the within document:

**PLAINTIFFS' JOINT OPPOSITION TO DEANE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

- ☐ by transmitting via facsimile from (916) 440-9610 the above listed document without error to the facsimile numbers set forth below on this date.
- ☐ by scanning and transmitting the above listed document as a PDF attachment to a message directed to the person named below at the email address listed below.
- ☑ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.
- ☐ by causing the document listed above to be delivered via FEDERAL EXPRESS OVERNIGHT DELIVERY to the persons at the addresses set forth below.
- ☐ by causing personal delivery of the document listed above to the persons at the addresses set forth below.

Eric Solorio, In Pro Per
34 Sage Grouse Court
Sacramento, CA 95834

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this was executed on March 9, 2010, at Sacramento, California.

_____
SHERYL A. PEREDA