UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NATOMAS GARDENS INVESTMENT
GROUP, LLC, a California
limited liability company,
ORCHARD PARK DEVELOPMENT, LLC,
a California limited liability
company,

        NO. CIV. S-08-2308 FCD/KJM

    Plaintiffs,

  v.                        MEMORANDUM AND ORDER

JOHN G. SINADINOS, STANLEY J.
FOONDOS, STEPHEN FOONDOS, et
al.,

    Defendants.

----oo0oo----

This matter is before the court on third-party defendant Eric Solorio's ("Solorio") motion for judgment on the pleadings regarding defendant/counter- and third-party claimant Larry

1

Deane's ("Deane") complaint against him.[1]  Deane brings individual claims against Solorio for express indemnity, breach of contract, implied indemnity, and equitable indemnity and derivative claims on behalf of plaintiff Natomas Gardens Investment Group, LLC ("Natomas") for breach of fiduciary duty, breach of contract and interference with prospective economic advantage.  By this motion, Solorio seeks a judgment on the pleadings, or in the alternative, a partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c)[2], arguing Deane has no cognizable claims for relief against him.  Deane opposes the motion.

For the reasons set forth below, Solorio's motion is GRANTED in part and DENIED in part.  To the extent the motion is granted, Deane is permitted leave to amend his third-party claim against Solorio.[3]

## BACKGROUND[4]

Deane's counter- and third-party claim arise out of a business dispute between Solorio and Deane.  Solorio and Deane together own a majority interest in a real estate holding

---

[1] Solorio improperly refers to himself as a "counter-defendant."  Deane filed a counterclaim against plaintiff Natomas Gardens Investment Group, LLC and third-party claim against Solorio, rendering Solorio a third-party defendant and Deane a third-party claimant as he relates to Solorio.  Where necessary, the court will refer to the parties in their proper form herein.

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

[4] All relevant facts are drawn from Deane's Counter- and Third-Party Claim ("CC"), filed June 1, 2009.  (Docket #125.)

1  company, Natomas. (CC, ¶ 7.) The purpose of this company was to
2  acquire and develop real property for profit. (Id.) Natomas
3  held a 45% interest in two development companies known as Village
4  Capital Group, LLC and Vintage Creek, LLC (collectively "the
5  LLCs"). (Id.) The LLCs own interests in real property which
6  they are attempting to develop into usable land for subdivision
7  home construction. (Id.)
8      Deane has a 34.28% share in Natomas and Solorio has a 57.13%
9  interest, with the rest of Natomas' ownership divided amongst
10 non-controlling members who were only entitled to capital
11 returns. (Id. at ¶ 11.) Solorio is the controlling manager of
12 Natomas and as such has exclusive control over the daily
13 operations. (Id. at ¶ 12.) However, there are significant
14 operational decisions that require the consent of Deane. (Id.)
15 Natomas initially began strong, negotiating multi-million dollar
16 land and development contracts. (Id. at ¶ 14.) But, as the real
17 estate market faltered in 2007, two large developers, Tim Lewis
18 Communities and Shea Homes (collectively "the developers"), that
19 Natomas and the LLCs contracted with walked away from the
20 projects. (Id. at ¶¶ 15-16.) As this occurred, Solorio decided
21 he no longer wanted to continue as an owner in Natomas and hired
22 a law firm to assist him in negotiating a buyout. (Id. at ¶ 18.)
23     It is at this point that Deane alleges Solorio began to act
24 in the interest of seeking a larger buyout for himself rather
25 than in the interest of Natomas. (Id. at ¶¶ 19-22.) Deane
26 alleges that the negotiations fell apart due to Solorio's
27 implacable demands. (Id. at ¶ 20.) Deane asserts Solorio
28 engaged in a pattern of activities designed for the purpose of

3

obstructing Natomas' and the LLCs' business in order to secure a larger buyout. (Id. at ¶¶ 19-22.) Specifically, Deane alleges that: (1) Solorio began obstructing the business by conducting improper and wasteful investigations of various members of Natomas and the LLCs; (2) these investigations wasted Natomas' resources and prevented the company from selling any properties; (3) Solorio began defaming the members of both Natomas and the LLCs to various possible investors and to the public at large; (4) on multiple occasions Solorio worked against deals from other investors that the rest of Natomas' members favored; (5) Solorio unreasonably refused to participate in the activities of Natomas; and (6) Solorio enlisted third parties to purchase notes and trust deeds held against the LLCs in order to foreclose upon the LLCs' interests. (Id. at ¶¶ 19-22.)

There have been multiple claims filed amongst all of the parties to this action including Deane, Solorio and numerous investors in the LLCs. Originally, related litigation was filed in Sacramento Superior Court. In that action, the state court appointed a receiver over Natomas, but he was later discharged. At the present time, there is no receiver over Natomas, and the state action has been stayed pending the outcome of this action.

**STANDARD**

Solorio argues that Deane's complaint fails to state any individual claim upon which relief can be granted, and as such, it should be dismissed pursuant to Rule 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is basically the same as that which governs Rule 12(b) motions. The motion should be granted if, accepting as true all material

4

1 allegations contained in the nonmoving party's pleadings, the
2 moving party is entitled to judgment as a matter of law.  See Hal
3 Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550
4 (9th Cir. 1989).

5     On a Rule 12(b) motion to dismiss, the court is bound to
6 give the plaintiff the benefit of every reasonable inference to
7 be drawn from the "well-pleaded" allegations of the complaint.
8 Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6
9 (1963).  A plaintiff need not allege "'specific facts' beyond
10 those necessary to state his claim and the grounds showing
11 entitlement to relief.  Bell Atlantic v. Twombly, 550 U.S. 544
12 570 (2007).  "A claim has facial plausibility when the plaintiff
13 pleads factual content that allows the court to draw the
14 reasonable inference that the defendant is liable for the
15 misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
16 (2009).

17     Nevertheless, the court "need not assume the truth of legal
18 conclusions cast in the form of factual allegations."  United
19 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
20 Cir. 1986).  While Rule 8(a) does not require detailed factual
21 allegations, "it demands more than an unadorned, the defendant-
22 unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A
23 pleading is insufficient if it offers mere "labels and
24 conclusions" or "a formulaic recitation of the elements of a
25 cause of action."  Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at
26 1950 ("Threadbare recitals of the elements of a cause of action,
27 supported by mere conclusory statements, do not suffice.").
28 Moreover, it is inappropriate to assume that the plaintiff "can

5

prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.[5]

**ANALYSIS**

Preliminarily, the court notes that Solorio is *pro se* in this action, and his motion, at times, is convoluted and difficult to understand. However, the court has closely reviewed his papers and discerns that he makes the following essential arguments in support of his motion: (1) the majority of Deane's claims fail because all of Solorio's alleged wrongful conduct was

---

[5] In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>See</u> <u>Mir v. Little Co. Of Mary Hospital</u>, 844 F.2d 646, 649 (9th Cir. 1988).

6

authorized by Natomas' Operating Agreement and other relevant contracts; (2) Deane's claim of intentional interference with prospective economic advantage fails because Deane pleaded that it was the act of another party, and not Solorio, that lead to the breakdown of the claimed, prospective economic relationship; (3) Solorio has certain complete defenses to Deane's claims; (4) Deane is not a proper derivative suit plaintiff under Rule 23.1; and (5) Deane's complaint fails to meet the pleading requirements for a derivative action under Rule 23.1.

### A. Breach of Fiduciary Duty, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

Solorio attacks Deane's claims for breach of fiduciary duty, breach of contract and breach of the implied covenant of good faith and fair dealing, arguing his alleged misconduct as manager of Natomas cannot, as a matter of law, be the basis for Deane's claims as it was specifically authorized by Natomas' Operating Agreement.  Stated in another way, Solorio does not contend that Deane fails to properly plead facts sufficient to state these claims for relief; rather, he argues that the Operating Agreement renders his conduct proper, and this court can so find upon review of the Agreement.  To adopt Solorio's argument, however, the court would have to determine whether Solorio's interpretation of the Operating Agreement's terms is correct. Such an inquiry is not appropriate on a motion for judgment on the pleadings.

Instead, at issue now is solely the sufficiency of Deane's allegations--whether the facts alleged are sufficient to state a claim for relief under the relevant laws.  In rendering this

7

decision, the court must accept Deane's allegations as true. It cannot, as Solorio suggests, resolve the parties' factual disputes over the interpretation of the Agreement's terms.

For example, Deane alleges Solorio breached his fiduciary duties by frustrating business opportunities for Natomas and wasting company resources by engaging in improper investigations of various members of Natomas and the LLCs. (CC, ¶ 49.) Solorio claims he could not have breached his fiduciary duties to Natomas because Natomas' Operating Agreement explicitly gave him authority to engage in the alleged activities. (Third-Party Def.'s Mot. Jud. Pl. [Docket # 174], filed Aug 31, 2009, 7:11-21.) This presents a factual dispute over the Agreement's terms; namely, whether Solorio's actions fell within the scope of the Agreement. This factual dispute cannot be resolved by this motion, wherein the court must assume the truth of Deane's allegations.

The court has independently evaluated Deane's third-party claim and finds that he has alleged sufficient facts to state claims for breach of fiduciary duty, breach of contract and breach of the implied covenant of good faith and fair dealing against Solorio.[6] (CC, ¶¶ 31-34, 41-50.)

///
///

---

[6] As a basis for entering judgment in his favor, Solorio also identifies certain factual errors in Deane's complaint; specifically, the allegation that Natomas received monies from Tim Lewis Communities and Shea Homes, when in fact it went to the LLCs. This allegation, which Deane concedes is in error, is, however, irrelevant to the motion as it simply provides background facts and is not material to any claim for relief.

8

### B. Intentional Interference with Prospective Economic Advantage

Solorio argues Deane's claim for intentional interference with prospective economic advantage fails as a matter of law because Deane alleges that the developers, not Solorio, were the cause of the breakdown of the prospective economic relationship. While Deane states in his third-party claim that the developers walked away from the LLCs' projects, he also alleges that *Solorio interfered* with subsequent investors' attempts to save the LLC projects after the developers' departure. (CC, ¶¶ 19, 21.) These allegations are sufficient to satisfy the pleading standard for an intentional interference claim. <u>Gemini Aluminum Corp. v. California Custom Shapes, Inc.</u>, 95 Cal. App. 4th 1249, 1256 (2002).

### C. Solorio's Affirmative Defenses

Solorio alternatively moves for judgment in his favor, arguing he is entitled to relief based on certain of his affirmative defenses. First, Solorio argues the business judgment rule provides him a complete defense to Deane's claims. The business judgment rule obligates a director to perform his or her duties "in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." <u>Bader v. Anderson</u>, 179 Cal. App. 4th 775, 787-788 (2009). The business judgment rule can serve as a defense in that it "establishes a presumption that directors' decisions are based on sound business judgement, and it prohibits

courts from interfering in business decisions made by directors in good faith and in the absence of a conflict of interest." <u>Lee v. Interinsurance Exchange</u>, 50 Cal. App. 4th 694, 711 (1996).

In the third-party claim, however, Deane sufficiently alleges conduct by Solorio to demonstrate he failed to act in good faith consistent with the business judgment rule. Specifically, Deane alleges Solorio obstructed Natomas' business by conducting improper and wasteful investigations into improprieties by various members of Natomas and the LLCs; prevented the company from selling any properties; defamed the members of both Natomas and the LLCs to various possible investors and to the public at large; worked against deals from other investors; refused to participate in the activities of Natomas and enlisted third parties to purchase notes and trust deeds held against the LLCs in order to foreclose upon the LLCs' interests. (CC, ¶¶ 19-22.) Despite these allegations, Solorio argues he is entitled to judgment in his favor because in all relevant respects, he made good faith business decisions as manager of Natomas. This argument again, however, raises a factual inquiry which cannot be resolved on this type of motion. At this stage of the proceedings, the court cannot find that the business judgment rule precludes Deane's assertion of the instant complaint.

Solorio also asserts an unclean hands defense to Deane's claims. The doctrine of unclean hands denies recovery where the claimant seeking relief commits a wrongful act directly relating to the transaction out of which the complaint is based. <u>See Fireboard Paper Products Corp. v. East Bay Union of Machinists</u>,

10

227 Cal. App. 2d 675, 728-729 (1964).  For Solorio to succeed on this defense under a Rule 12(c) standard, the face of the pleadings must allege Deane's involvement in the wrongful conduct.  Id.  Here, Solorio merely points to Deane's admitted participation in the negotiations to buy out Solorio's interest in Natomas.  The negotiations in and of themselves are not the basis of Deane's claims against Solorio.  Rather, Deane alleges Solorio engaged in improper conduct in order to strengthen Solorio's position in the negotiations.  Deane never alleges he himself was involved in any of this conduct.  Thus, under Rule 12(c), the court cannot grant Solorio's motion on the basis of this defense.

### D. Derivative Standing

Solorio argues Deane's derivative claims on behalf of Natomas fail because Deane's pleading does not meet the requirements of Rule 23.1.  Specifically, Solorio contends that Deane is not an adequate representative, that futility has not been properly pleaded and that the derivative claim was never verified.

#### 1. Adequate Representative

Solorio argues Deane's individual claims against Natomas are antagonistic and thus disqualify Deane as an adequate representative.  Under Rule 23.1, "[a]n adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class."  Larson v. Dumke, 900 F.2d 1363, 1167 (9th Cir. 1990).  However, "[t]he mere presence of an injury to the corporation does not negate the

11

simultaneous presence of an individual injury." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1988). While the court must consider any conflicts of interest in determining the adequacy of representation, "[t]he prevailing view appears to be that there is no per se rule prohibiting shareholders from simultaneously bringing both direct and derivative actions," and that the better reasoned and predominant rule is to look behind the surface duality of the two types of actions and allow them to proceed together unless an actual conflict emerges. In re RasterOps Corp. Sec. Lit., 1993 WL 476651 (N.D. Cal. Sept. 10, 1993). Courts generally take the approach that "[i]f and when plaintiffs prove their allegations and the remedy stage is reached, the court may take corrective measures to resolve any actual conflicts which arise at that time." Keyser v. Commonwealth Nat. Fin. Corp., 120 F.R.D 489, 492 n. 8 (M.D. Pa. 1988)(holding that the plaintiff's simultaneous direct and derivative claims could proceed); First Am. Bank and Trust by Levitt v. Fogel, 726 F.Supp. 1292, 1298 (S.D. Fla. 1989) (same).

Deane's individual suit against Natomas seeks indemnification and does not seek damages. This right of indemnification was given specifically to him in Natomas' Operating Agreement, and it is not shared by the other shareholders. Solorio does not cite to any authority, nor is the court aware of any, stating a shareholder plaintiff who brings a personal indemnity claim is antagonistic to the corporation and is thus not an adequate representative. Thus, Solorio's motion on this ground is properly denied.

///

### 2. Futility

In a derivative suit a shareholder must plead that "that the corporation itself has refused to proceed after suitable demand." Ross v. Bernhard, 396 U.S. 531, 534 (1970). However, courts have recognized a futility exception and waived the pleading requirement when the "directors are involved or not disinterested in the actions for which [the] plaintiff seeks relief." Country National Bank v. Mayer, 788 F. Supp. 1136, 1144 (E.D. Cal. 1992) (citing Reed v. Norman, 152 Cal. App. 2d 892, 898-900 (1957); Gaines v. Haughton, 645 F.2d 761, 766 (9th Cir. 1981). Here, Deane alleges that Solorio is the controlling member and manager of Natomas. (CC, ¶ 12.) Deane also alleges Solorio is involved in the actions for which he seeks relief in the derivative claims. (CC, ¶¶ 41-50.) Therefore, Deane has satisfied the futility exception and is not required to plead that Solorio refused to bring this suit.[7]

### 3. Verification

Under Rule 23.1 verification of a complaint is required in a shareholder derivative action. Here, Deane concedes that he failed to verify his complaint and submits a verification as an exhibit to his opposition. The Ninth Circuit has held that the failure to provide the requisite verification deprives the court of jurisdiction. U.S. v. $84,740.00 U.S. Currency, 900 F.2d 1402, 1404 (9th Cir. 1990). However, "when a party fails to

---

[7] Solorio also argues that Deane should have demanded that the state court appointed receiver of Natomas bring this action. However, this argument is meritless as the state court expressly ordered that neither Deane nor Solorio was to involve the receiver in this action unless specifically directed by the state court. No such order was ever made by the state court.

properly verify a complaint, the appropriate procedure is for the district court to dismiss the complaint without prejudice" and allow the party to amend the complaint. Id. at 1406 (citing U.S. v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1545-47 (11th Cir. 1987); Complaint of Mclinn, 744 F.2d 677, 685 (9th Cir. 1984); 7A J. Moore & A. Palaez, Moore's Federal Practice C.08, at 662 (2d ed. 1988)).

As such, the court must dismiss Deane's complaint for failure to provide the proper verification. The dismissal is without prejudice, and Deane is granted leave to amend his complaint to correct the defect.[8]

## CONCLUSION

For the foregoing reasons, Solorio's motion for judgment on the pleadings is GRANTED in part and DENIED in part. Plaintiff is permitted leave to file a verified amended counter- and third-party claim. Deane shall file and serve his complaint within fifteen (15) days of the date of this Order. Solorio has twenty (20) days after service thereof to file his response.

IT IS SO ORDERED.

DATED: April 22, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Solorio also moves for judgment with respect to Deane's claims for implied and equitable indemnity. The basis of Solorio's argument is predicated on the court granting his Rule 12(c) motion as to his derivative claims. Because the court does not grant Solorio's motion as to the derivative claims, it need not reach Solorio's arguments with respect to the indemnity claims.