1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

NATOMAS GARDENS INVESTMENT
10   GROUP LLC, a California
limited liability company,
11   ORCHARD PARK DEVELOPMENT
LLC, a California limited
12   liability company,

13                                    NO. CIV. S-08-2308 LKK/EFB
          Plaintiffs,
14
     v.
15                                             O R D E R
JOHN G. SINADINOS, et al.,
16

17          Defendants.
_____/
18

19      The court is in receipt of a "Request" from plaintiff Natomas

20   Gardens Investment Group LLC ("plaintiff") for an order dismissing

21   its claims "as to all defendants," with prejudice.  Dkt. No. 395.

22   The "request" makes no reference to any rule of federal procedure

23   nor to any local rule of this court.

24   ////

25   ////

26   ////

                             1

1    Plaintiff may seek an order of this court by filing a proper

2 stipulation or noticed motion. <u>See</u> E.D. Cal. R. 143 & 230.[1]  The

3 document filed by plaintiff is neither.[2]  Accordingly, the request

4 is **DENIED**, without prejudice to the filing of a proper stipulation

5 or motion.[3]

6    IT IS SO ORDERED.

7    DATED:  July 24, 2012.

8

9

10                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
11                          UNITED STATES DISTRICT COURT

12

_____

13    [1] The "request" does not qualify as a voluntary dismissal by
the plaintiff under Fed. R. Civ. P. 41(a)(1), as the defendants
14 sought to be dismissed have already answered, and it is not signed
by all the defendants who have made an appearance and who are
15 sought to be dismissed (in fact, it is not signed by any of them).
<u>See</u> Fed. R. Civ. P. 41(a)(1)(A)(i) and (ii).  In addition, the
16 local rules governing <u>ex parte</u> requests (Local R. 231), do not
appear to apply here.
17

18    [2] The "request" attaches a twelve-page "Settlement Agreement."
However, the "request" for dismissal itself is not signed by anyone
19 other than plaintiff's counsel.

20    [3] The court notes that among the defendants plaintiff asks the
court to dismiss are Baljit and Harinder Johl, who are not parties
21 to the attached Settlement Agreement.  It appears that plaintiff
still has a "derivative" claim for Conversion ("Count Eleven"),
22 pending against the Johls.  The Johls have, among other things,
hired counsel, twice moved to dismiss (Dkt. Nos. 35 and 129) (the
23 RICO conspiracy claims were dismissed), and moved for attorney fees
and costs under Fed. R. Civ. P. 11 (Dkt. No. 266, later withdrawn).
24 Other defendants sought to be dismissed have also engaged counsel
and answered the Complaint, First Amended Complaint and/or Second
25 Amended Complaint, including <u>pro se</u> defendant Margarita Leavitt.
The court cannot know what dismissal terms are just without having
26 a stipulation from these defendants, or hearing from them on a
noticed motion.

2